LEVITZ FURNITURE COMPANY, Inc., Appellant,

v.

The STATE of Texas, Appellee.

No. 5038.

Court of Civil Appeals of Texas, Waco.

Sept. 16, 1971.

Rehearing Denied Oct. 14, 1971.

Berman, Fichtner & Mitchell, Jay S. Fichtner, Dallas, for appellant.

Wilson Johnston, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Levitz from permanent injunction enjoining it from selling merchandise on both the two consecutive days of Saturday and Sunday in violation of Article 286a Vernon's Ann.Texas Penal Code.

Appellee State of Texas acting through the Criminal District Attorney of Dallas County filed suit against appellant Levitz for permanent injunction to restrain it from selling merchandise in violation of the provisions of Article 286a Texas Penal Code. Appellee's trial pleading alleged temporary injunction was granted on judicial admission of appellant; that unless restrained appellant would open its store on consecutive Saturdays and Sundays for the sale of furniture; that such was affirmed by the Court of Civil Appeals and Writ of Error Refused, no reversible error, by the Supreme Court.[1] Appellant superseded the

order for Temporary Injunction and continued to violate Article 286a until the mandate was received. Appellee prayed for issuance of permanent injunction restraining appellant from violating Article 286a.

Trial was to a jury which found that Appellant sold furniture on both November 29, and November 30, 1969 (such days being consecutive Saturday and Sunday).

The trial court entered judgment on such verdict permanently enjoining appellant from selling merchandise on consecutive Saturdays and Sundays in violation of Article 286a.

Appellant appeals on 10 points asserting:

1) The verdict does not support the permanent injunction nor indicate a violation of Article 286a P.C.

2) There is no evidence or insufficient evidence to support the jury's answer to the issue submitted, and such is contrary to the overwhelming weight of the evidence.

3) Appellees' pleading does not support the submission of, or answer to, the issue submitted.

4) The supersedeas bond set by the trial court is so great as to be confiscatory and repressive and is violative of the Fourteenth Amendment of the United States Constitution.

We revert to contentions 1, 2, and 3.

Appellee's trial pleading alleged that during the period from December 7, 1968 to August 5, 1970 appellant sold furniture on consecutive Saturdays and Sundays in violation of Article 286a P.C. There is evidence that appellant sold furniture on Saturday, November 29, 1969 and on Sunday, November 30, 1969. The trial court submitted the following issue:

"Do you find from a preponderance of the evidence that Levitz Furniture Co.

1. Levitz Furniture Co., Inc. v. State of Texas, Tex.Civ.App., NRE, 450 S.W.2d 96.

of Dallas, Inc., by its employees, if any, sold home, business, office, or outdoor furniture at retail on both November 29, 1969 and November 30, 1969?"

To which the jury answered "Yes".

There was no objection to such issue.

Article 286a P.C. prohibits the sale of furniture on both of the two consecutive days of Saturday and Sunday, and provides that any person may apply to any court of competent jurisdiction for injunction restraining violation of the act.

Contentions 1, 2, and 3 are overruled.

■ Contention 4 complains of the trial court setting supersedeas bond in the amount of $100,000. Appellant posted a supersedeas bond in the amount of $100,000. pending appeal of the temporary injunction, and there is no evidence that appellant is unable to post such bond pending this appeal.

Contention 4 is overruled.

■ Moreover the case is before us on a partial statement of facts. In the absence of a statement of facts it must be presumed on appeal that the evidence supports the verdict and the judgment of the trial court. Ehrhardt v. Ehrhardt, Tex. Civ.App., Er. Ref., 368 S.W.2d 37; Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683.

The same rule is applicable where only a partial statement of facts is submitted, or where the record is otherwise incomplete. Baker v. Rutherford, Tex.Civ.App., NRE, 293 S.W.2d 669; Thrasher v. Hensarling, Tex.Civ.App., NWH, 406 S.W.2d 515; Englander v. Kennedy, Tex.Sup., 428 S.W. 2d 806; McLennan County v. American National Ins. Co., Tex.Civ.App., NRE, 457 S.W.2d 597.

All of appellant's points and contentions have been considered and are overruled.

Affirmed.