**COMMUNITY SAVINGS & LOAN ASSOCI-
ATION OF FREDERICKS-
BURG, Appellant,**

v.

**The CITIZENS NATIONAL BANK
OF WACO, Appellee.**

**No. 5138.**

Court of Civil Appeals of Texas,
at Waco.

July 13, 1972.

Rehearing Denied Aug. 10, 1972.

Small, Herring, Craig & Werkenthin, Austin, Lee & Lee, Mason, Brown, Maroney, Rose, Baker & Barber, Austin, for appellant.

Beard & Kultgen, Waco, for appellee.

HALL, Justice.

The Citizens National Bank of Waco (hereinafter referred to as "Bank") brought this action in McLennan County against Jerrald R. Senter and Ernest Elam ("Senter and Elam") and Community Savings And Loan Association of Fredericksburg ("Community"). Bank seeks recovery of $500,000 and $40,000 on two promissory notes allegedly made by Senter and Elam and payable to Bank in McLennan County; and sues Community on a letter commitment which Bank contends was executed by Community to fund payment of the $500,000 note when due, and which allegedly was intended by Community to induce, and did induce, Bank to accept the $500,000 note.

Senter and Elam are residents of Travis County, and Community is domiciled in Gillespie County. All filed pleas of privilege. In its plea, Community specially denied that the person who executed the letter agreement was authorized by Community to do so.

Bank controverted the pleas of privilege. After a hearing without a jury, the trial court overruled the pleas of privilege. Only Community has appealed.

 Findings of fact and conclusions of law were neither requested nor filed. We presume, therefore, that all necessary fact findings were made by the trial court in support of its judgment. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 613 (1950).

Community presents two points of error, contending, in effect, that the evidence is legally insufficient to support the implied findings upon which the judgment is based.

A part of Bank's proof was the reading into evidence of a portion of the deposition of Community's President and a portion of the depositions of Senter and Elam. After Bank rested, the attorney for Community made the following tender:

"If your honor please, you have just heard the reading of three depositions, parts of them, and to save time, at this time, we would like to introduce all of those depositions" \* \* \* "the whole thing."

The three depositions were then "admitted in toto" into evidence, not by being read into the record but by Community's introduction of the written depositions.

The appellate record does not contain the depositions. We therefore do not have before us that part of the statement of facts which consists of those portions of the depositions which were not read into the trial record. In short, the case is before us on a partial statement of facts. Bank did not stipulate that the partial statement of facts constituted an agreed statement. See Rules 375, 377, and 378, Texas Rules of Civil Procedure.

 We have reviewed the incomplete record. If we were called upon to decide whether the evidence set forth in the partial statement of facts is legally sufficient to support the trial court's findings and judgment, we would hold that it is. However, we do not reach that decision.

"The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts." Englander Co. v. Kennedy (Tex.Sup., 1968) 428 S.W.2d 806, 807.

Community's points and contentions are overruled. The judgment is affirmed.