Robert Henry McDONALD, Jr., et al.,
Appellants,

v.

Joe BATSON et ux., Appellees.

No. 5344.

Court of Civil Appeals of Texas,
Waco.

Sept. 5, 1974.

Voorhees and Cooper, Herman D. Voorhees, Robert E. Price, Houston, for appellants.

L. L. Geren, Groesbeck, Mac L. Bennett, Jr., Normangee, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Robert McDonald, et al., from judgment for plaintiffs Batson and wife, in a trespass to try title suit to 146.12 acres of land. This is the second appeal of this case; see 501 S. W.2d 449.

Plaintiffs Batson sued McDonald, et al., in trespass to try title, for title and possession of 146.12 acres in Leon County. Trial was to a jury which found:

1) 2) 3) Plaintiffs and those under whom they hold and claim have had and held actual continuous, peaceable and exclusive possession of the 146.12 acres from 1919 to August 7, 1972; and did not abandon their possession of such property.

4) 5) Plaintiffs and those under whom they hold and claim have held peaceable, adverse and continuous possession of the 146.12 acres, cultivating, using or enjoying the same openly, notoriously and adversely for ten years or more, being from 1919 to August 7, 1972.

6) Plaintiffs and those under whom they hold and claim have held peaceable, and adverse possession of the 146.12 acres for 25 years consecutive years before August 7, 1972, holding same under claim of right, in good faith, under a deed purporting to convey the same which has been recorded in the Deed Records of Leon County.

The trial court rendered judgment on the verdict for plaintiffs for title and possession of the 146.12 acres.

Defendants appeal on 2 points contending the trial court erred in rendering judgment for plaintiffs because: 1) There was no evidence to support the verdict of the jury; and 2) There was insufficient evidence to support the verdict of the jury.

■ The record reflects a number of exhibits were introduced into evidence including a map or surveyors drawing of the property, a number of photographs, and other documents, which have not been brought forward by appellants. The case is thus before us on a partial statement of facts, in which event it must be presumed that the evidence supports the verdict and judgment of the trial court. Englander v. Kennedy, Tex., 428 S.W.2d 806; Levitz Furniture Co. v. State, Tex.Civ.App., NRE, 471 S.W.2d 452.

■ The Statement of Facts which is before us reflects plaintiffs introduced a warranty deed to 160 acres from H. M. Donelson dated March 3, 1950, which was recorded December 11, 1967. Defendants introduced a warranty deed from W. B. Abshire and wife to their father to 80 acres dated May 25, 1925, which was recorded April 20, 1948. It is stipulated the 160 acres in the Donelson deed, the 80 acres in the Abshire deed, and the 146 acres here in controversy are all one and the same.

Plaintiffs paid taxes from 1950 through 1972 on the land. There has been a fence around a 345 acre tract of which the 146 acres is a part since 1950. There is evidence the Heaths purchased the land in 1908 and lived on it and worked it until they sold to Donelson. Donelson claimed the land and was in possession for 15 or 20 years prior to his sale of the land for $1250. by deed to plaintiffs in 1950. Plaintiffs have been in exclusive actual possession since 1950; have run cattle on the tract since 1950; planted coastal bermuda on the land; have claimed the land since 1950; have been on the land 3 or 4 times a week since 1950. Plaintiffs have dozed portions of the land, planted watermelons on a portion of the land; leased it to deer hunters and reported income from the land on their Income Tax Returns since 1950. (The McDonalds have never been in possession.)

The evidence is ample to sustain the findings of the jury.

Defendants' points are overruled.

Affirmed.