**Fred MOORE and Harold Hill d/b/a Salon Americus, Appellants,**

**v.**

**Alberto IGLESIAS d/b/a Coiffures by Riley, Appellee.**

**No. 5418.**

Court of Civil Appeals of Texas, Waco.

April 10, 1975.

Samuel B. Paternostro, Kelsoe & Paternostro, Dallas, for appellants.

Donald A. Muncy, Fiedler & Fortescue, Richardson, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellants Moore and Hill from judgment they take nothing in their suit for injunction and damage for breach of a covenant not to compete; and from judgment against them in favor of appellees for $2000.

Appellants Moore and Hill sued appellee Iglesias seeking permanent injunction against Iglesias from competing with appellants in the hairdressing or cosmetology business, in violation of an alleged contract not to compete for one year within a radius of ten miles of appellants' location; and for $5000. in damages. Iglesias by answer plead failure of consideration, and filed cross action for sums alleged to be due as result of failure of appellants to fully return moneys paid them by appellee.

Trial was to a jury. After appellants' case was rested appellee moved for instructed verdict that appellants take nothing, which motion was granted by the trial court. The trial court submitted appellee's cross action to the jury which found; 1) appellee was not paid the total sum of $4000. by appellants for appellee's interest in the business; 2) the total sum paid was $2000.

The trial court rendered judgment appellants take nothing by their suit, and that appellee recover $2000. on his cross action against appellants.

Appellants appeal on 11 points asserting:

1) The trial court erred in granting appellee's motion for instructed verdict.

2) The trial court erred in adversely commenting on the credibility 'of appellants' witnesses and the weight to be given their testimony in his announcement to the jury that he was taking appellants' case away from them.

3) There is no evidence and alternatively insufficient evidence to support the jury's answers to the two special issues submitted.

The case is before us on a partial statement of facts. The court reporter's transcription of the testimony is before us, but the five exhibits including the contract sued on by appellants, have not been brought forward by the appellants.

In the absence of a statement of facts or in the absence of a complete statement of facts, (which is the appellants' burden and duty to bring forward), it must be presumed on appeal that the evidence supports the verdict and judgment of the trial court. Ehrhardt v. Ehrhardt, Tex.Civ. App., Er.Ref., 368 S.W.2d 37; Thrasher v. Hensarling, Tex.Civ.App., NWH, 406 S.W. 2d 515; Baker v. Rutherford, Tex.Civ.App., NRE, 293 S.W.2d 669; Englander v. Kennedy, S.Ct., 428 S.W.2d 806; Levitz Furniture Co. v. State of Texas, Tex.Civ.App., NRE, 471 S.W.2d 452.

Moreover the court reporter's transcription of the testimony reflects the evidence ample and sufficient to sustain the jury's verdict.

All appellants' points and contentions are overruled.

Affirmed.