John W. PORTER, Appellant,

v.

Warren H. HOOPER and Martha L. Hooper, Appellees.

No. 5463.

Court of Civil Appeals of Texas, Waco.

Nov. 6, 1975.

Rehearing Denied Dec. 4, 1975.

---

4. See Ernest E. Smith, *The Texas Compulsory Pooling Act*, 44 Texas L.Rev. 387, 390 (1966).

5. See Smith, *supra*, at 388–389.

Boyd, Veigel & Gay, Inc., William M. Boyd and George H. McCleskey, McKinney, for appellees.

HALL, Justice.

The appellant seeks the reversal of a judgment holding that he breached a written contract for the purchase by him of approximately 240 acres of land located in Collin County at $1,050 per acre; and awarding an escrow deposit of $10,000 to the appellees, the sellers, as liquidated damages for the breach. Because of an incomplete statement of facts, we affirm.

Trial was to the Court without a jury. Findings of fact and conclusions of law were filed in support of the judgment. All of the assignments of error relate to the asserted factual and legal insufficiency of the evidence to support express findings and implied findings that are necessarily referable thereto which support the judgment.

On the trial, the depositions of the appellant, one of the appellees, and the escrow agent were introduced into evidence "in full and without objection" by agreement of the parties; and it was stipulated that if the deponents "were present and testifying in Court, their testimony would be the same as in these depositions." The judgment recites that the depositions were considered by the Court.

The depositions do not form any part of the appellate record. Accordingly, the case is before us on a partial statement of facts. The parties have not stipulated that the partial statement of facts constitutes an agreed statement of facts. See Rules 375, 377, and 378, Vernon's Tex.Rules Civ.Proc.

"The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts." *Englander Co. v. Kennedy*, (Tex.Sup., 1968) 428 S.W.2d 806, 807.

The appellant's points and contentions are overruled. *Community Savings & Loan Association of Fredericksburg v. Citizens National Bank of Waco* (Tex.Civ.App.— Waco, 1972, writ dism.), 484 S.W.2d 116. The judgment is affirmed.