HOUSTON DRAPERY MANUFACTURERS, INC., and Alvin H.
Bunch, Appellants,

v.

FRANK KASMIR ASSOCIATES,
INC., Appellee.

No. 5564.

Court of Civil Appeals of Texas,
Waco.

May 13, 1976.

Rehearing Denied June 3, 1976.

Charles W. Evans, Bedford, for appellants.

Rosenberg, Kasmir & Willingham, Alan H. Cooper, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellants Houston Drapery Manufacturers, Inc., and Alvin H.

Bunch from order of the trial court overruling their pleas of privilege to be sued in Harris County.

Appellee Kasmir Associates, Inc., sued defendant Houston Drapery and Bunch in Dallas County, on sworn account for $1705.70 (plus attorneys' fees), and for fraud for $72.69; alleged Houston Drapery was the alter ego of Bunch; and sought judgment against both appellants.

Both appellants filed pleas of privilege to be sued in Harris County. Appellee controverted asserting venue in Dallas County under subdivisions 5, 7, and 23.

The trial court found that Houston Drapery was the alter ego of Bunch, and overruled both pleas of privilege.

Appellants appeal contending:

1) Appellees did not prove a cause of action against appellants.

2) Appellees are not entitled to venue in Dallas County under Subdivisions 5, 7, or 23 of Article 1995 VATS.

3) The concept of alter ego is not an exception to Article 1995.

The record contains 1) a credit application from appellant Houston Drapery signed by appellant Bunch as president which recites: "Our firm is financially able to meet any commitments we will make and we expect to pay your invoices according to your terms"; 2) Unsigned invoices mailed from appellee to the corporate appellant reciting: "This invoice and account is due and payable in Dallas, Dallas County, Texas"; and 3) An account card sent by appellee to the corporate appellant stating "All invoices and accounts billed by all branches are due and payable in Dallas, Dallas County, Texas".

■ Taken together, the credit application, invoices and account card, constitute a complete agreement between appellee and the corporate appellant on the place of payment. *Burtis v. Butler Bros.,* 148 Tex. 543, 226 S.W.2d 825; *Witter Mfg. Corp. v. Kinetrol Co.,* (Tex.Civ.App., Dallas) NWH, 342 S.W.2d 809.

There is evidence that the corporate appellant committed a fraud on appellee; and evidence that the corporate appellant was alter ego of defendant Bunch.

Venue in Dallas County was established under subdivisions 5 and 7, Article 1995.

Further this case is before us on a partial statement of facts. Request for admissions and answers thereto considered by the trial court have not been brought forward by appellants.

■ In the absence of a complete statement of facts (which is appellants' burden and duty to bring forward), it must be presumed on appeal that the evidence supports the verdict and judgment of the trial court. *Baker v. Rutherford,* (Tex.Civ.App., Waco) NRE, 293 S.W.2d 669; *Englander v. Kennedy,* Tex., 428 S.W.2d 806; *Levitz Furniture Co. v. State of Texas,* (Tex.Civ.App., Waco) NRE, 471 S.W.2d 452; *Moore v. Iglesias,* (Tex.Civ.App., Waco) NWH, 522 S.W.2d 607.

All appellants' points and contentions are overruled.

AFFIRMED.