C. E. BRADSHAW, Appellant,

v.

DELTA NATIONAL BANK, Appellee.

No. 8508.

Court of Civil Appeals of Texas, Texarkana.

Dec. 6, 1977.

J. Kearney Brim, Sulphur Springs, W. R. Sessions, Sessions, Sessions, Neill, Scucchi & Hatch, Dallas, for appellant.

Coy Johnson, Smith, Johnson & McDowell, Sulphur Springs, for appellee.

CORNELIUS, Chief Justice.

Delta National Bank instituted suit against William F. Locklin, Jr., and C. E. Bradshaw for recovery of the amount due on a promissory note and for foreclosure of a security interest in a 1972 Chevrolet wrecker. The petition alleged that Locklin was the owner of the wrecker, had executed the note and security agreement and had defaulted thereon, and that Bradshaw was claiming some interest or title in the wrecker. Locklin, though personally served, filed no answer and made no appearance. Bradshaw filed a written answer and, though he did not personally appear, was represented by counsel throughout the trial. A bench trial was had, after which the district court entered judgment in the Bank's favor for the debt and foreclosure of its security interest and for sale of the wrecker in satisfaction of the debt. The judgment also contained the following:

"(6) That Defendants William Locklin, Jr. and/or C. E. Bradshaw and all persons claiming under them shall be forever barred of all equity of redemption and claim to the foregoing described vehicle or any part thereof."

Only Bradshaw has appealed. His two points of error are:

1. "THE COURT ERRED IN RENDERING JUDGMENT FORECLOSING A MORTGAGE LIEN ON THE 1972 WRECKER AND ORDERING SEIZURE AND SALE THEREOF, AND EXPRESSLY BARRING APPELLANT FROM ALL EQUITY OF REDEMPTION AND CLAIM TO SAID VEHICLE."

2. "THE WHOLE EVIDENCE IS INSUFFICIENT TO SUPPORT THE JUDGMENT FOR AFFIRMATIVE RELIEF GRANTED PLAINTIFF APPELLEE HEREIN, AND THEREIN THE TRIAL COURT ERRED IN RENDERING ITS JUDGMENT DATED FEBRUARY 7, 1977."

A statement of facts has been filed but it appears that it may not be a complete one. At the trial the court admitted into evidence, without objection, the testimony and evidence which had previously been adduced on a plea of privilege hearing, and that testimony and evidence is not contained in the statement of facts which has been filed in this Court. No findings of fact or conclusions of law were requested or filed. Where findings of fact and conclu-

**464**

sions of law are neither requested nor filed, the judgment must be affirmed if it can be upheld upon any lawful theory finding support in the pleadings and evidence. See 4 McDonald's, Texas Civil Practice, Sec. 16.10, pg. 30. And when only a partial statement of facts is filed the reviewing court must presume that there was in the omitted portion thereof ample evidence to support the verdict and judgment of the trial court. *Moore v. Iglesias,* 522 S.W.2d 607 (Tex.Civ. App.Waco 1975, no writ); *McDonald v. Batson,* 514 S.W.2d 94 (Tex.Civ.App.Waco 1974, no writ); *Blancas v. Blancas,* 495 S.W.2d 597 (Tex.Civ.App.Texarkana 1973, no writ); *Harvey v. State,* 389 S.W.2d 692 (Tex.Civ. App.Dallas 1965, writ ref'd n. r. e.). Even so, the statement of facts which has been presented to us contains sufficient documentary evidence and testimony from which the trial judge could reasonably find that the Bank had a valid note and security agreement from Locklin covering the wrecker, that default had been made, that foreclosure and sale of the collateral was warranted, and that Bradshaw either had no interest in the vehicle or had transferred the same to Locklin. The district court's judgment for debt and foreclosure must therefore be affirmed.

We have difficulty understanding the basis of, or the authority for, the district court's adjudication to the effect that both defendants were "forever barred of all equity of redemption and claim" to the vehicle, since it would appear that Locklin would be entitled to any proceeds received from the foreclosure sale in excess of the amount of the debt. But Locklin has not complained of such adjudication and Bradshaw is in no position to do so. He has no standing to complain that the judgment is erroneous as to Locklin, and he cannot show that the judgment harms him because there is no evidence in the record tending to prove that he had any interest in or claim whatever to the vehicle. This is not to say that by filing suit against Bradshaw the Bank could impose upon him the burden to prove his ownership of the vehicle or lose the suit. The Bank had the burden to prove its cause of action, including its alle-

gation that Bradshaw had no claim to the vehicle. But the Bank produced sufficient evidence from which the court could reasonably infer that Bradshaw had no such title or interest. By standing mute and producing no evidence whatever of any right or title in himself, Bradshaw left the evidence uncontradicted on that issue, thus foreclosing any effective appeal therefrom on his part.

The judgment of the trial court is affirmed.