**Benny ORNELAS, Appellant,**

v.

**DODGEN EQUIPMENT CO., Appellee.**

No. 5821.

Court of Civil Appeals of Texas, Waco.

Jan. 5, 1978.

Rehearing Denied Jan. 26, 1978.

Grady L. Roberts, Jr., Pearsall, Juan A. Cavazos, San Antonio, for appellant.

Fred R. Granberry, San Antonio, for appellee.

OPINION

JAMES, Justice.

This is a venue case. The record contains no statement of facts, and the facts recited hereunder are apparent from the transcript. Plaintiff-Appellee Dodgen Equipment Co. sued Defendant-Appellant Benny Ornelas in Bexar County, Texas, to recover money for work performed by Plaintiff Dodgen on Defendant's tractor. Defendant Ornelas filed a plea of privilege to be sued in Frio County, Texas, the county of his residence.

Plaintiff Dodgen thereupon timely filed a controverting plea, controverting Defendant's plea of privilege under subdivision 5 of Article 1995, Vernon's Annotated Texas Statutes.

However, Plaintiff did not comply with Rule 87, Texas Rules of Civil Procedure, in that Plaintiff did not cause the judge to note upon said controverting plea a time for hearing on the plea of privilege. Instead, Plaintiff simply mailed on or about October 14, 1976, a copy of the controverting plea to the Defendant, without any such notation of setting by the judge. Thereafter, on November 16, 1976, Plaintiff's attorney filed a motion requesting the court to set the case for trial on the non-jury docket for December 22, 1976. Immediately beneath said motion is a form of order for the judge's signature setting the cause for trial on the non-jury docket for December 22, 1976; however, there is no signature of any judge thereupon. Then, directly under the unsigned order is a certificate by Plaintiff's attorney that he mailed a true copy of said motion and order to Defendant's lawyer.

Then the transcript shows a judgment of the trial court wherein it is recited in the first paragraph thereof:

"On this the 22nd day of December, 1976, being the time heretofore set for the hearing on the Plea of Privilege and subject thereto, a hearing on the merits, came the Plaintiff by and through their attorney of record, and the Defendant, although duly cited, did not appear, but wholly made default. The Court finds that the Defendant's Plea of Privilege filed herein on or about October 5, 1976, has no basis either in fact or in law, and should be overruled." Then the judgment proceeds to overrule the plea of privilege, reciting that a trial on the merits was thereupon had, after which the court entered judgment for Plaintiff against Defendant for $437.18 (the net amount sued for) plus $300.00 attorney's fees and costs.

Defendant in five points of error complains that the trial court erred in overruling the plea of privilege, in trying the case on the merits at the same time as the hearing on the plea of privilege, in failing to set a hearing on venue prior to the date set for trial on the merits, in trying the venue on the date set pursuant to Plaintiff's motion to set for trial on the merits, and in awarding Plaintiff a default judgment. We overrule all of Plaintiff-Appellant's points of error and affirm the trial court's judgment.

· Rule 87, Vernon's Tex.Rules Civ.Proc., provides that a plea of privilege shall not be heard until the defendant has received the formal notice of date for such hearing provided for in the Rule, "Unless the parties agree upon the date."

The judgment recites that on December 22, 1976, "being the time heretofore set for the hearing on the Plea of Privilege and subject thereto, a hearing on the merits," the defendant failed to appear; that the plea of privilege was heard and overruled; and that "Thereafter a trial on the merits was had."

The record before us does not contain findings of fact outside the judgment, and it does not contain a statement of facts. The transcript supports the view expressed by Appellant that Appellant did not receive the formal notice of hearing on his plea of privilege prescribed in Rule 87, but the record does not show that Appellant did not agree on the December 22, 1976, setting or that he did not have actual notice of it.

Without a statement of facts we must presume Defendant-Appellant agreed to the setting on his venue plea, and subject thereto, a trial on the merits, as reflected in the judgment, or that he had actual notice thereof (albeit not the formal notice contemplated in Rule 87) and chose not to contest it. *Mays v. Pierce,* 154 Tex. 487, 281 S.W.2d 79, 82 (1955); *Guthrie v. National Homes Corporation,* 394 S.W.2d 494, 495 (Tex.Sup.1965); *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609, 613 (1950).

Defendant-Appellant filed a motion for new trial raising the identical questions he presents to us. On this motion, he could have developed the facts concerning whether he agreed to the settings in question or

was without notice. He chose not to do so, and the motion was overruled by operation of law without a hearing.

For the foregoing reasons, we overrule all of Defendant-Appellant's points and contentions, and affirm the trial court's judgment.

AFFIRMED.