Barbara CRESS, Appellant,

v.

Allen Leroy JENKINS, Appellee.

No. 5872.

Court of Civil Appeals of Texas, Waco.

May 11, 1978.

Tom C. Ingram, Jr., Dallas (on appeal only), for appellant.

William M. Jones, Dallas, for appellee.

## OPINION

JAMES, Justice.

This is an appeal from a judgment changing the managing conservatorship of a

child. Petitioner-Appellee Allen Leroy Jenkins, the father of the child in question, brought this suit against Respondent-Appellant Barbara Cress, the mother of said child, seeking to be appointed managing conservator of said child.

Mr. Jenkins and Mrs. Cress were formerly husband and wife, and were divorced in Dallas County, Texas, on June 22, 1971. Said divorce judgment awarded the principal custody of said child to the mother. The child was born August 27, 1968, and was a little less than three years old at the time of the divorce.

Mr. Jenkins filed this suit against Mrs. Cress to modify said divorce judgment under the provisions of Article 14.08(c)(1) of the Texas Family Code.

M. L. Jenkins, the paternal grandfather of the child, filed a Petition in Intervention seeking possessory conservatorship rights concerning the (then) nine year old boy.

After nonjury trial the trial court entered judgment (1) appointing Petitioner-Appellee Allen Leroy Jenkins managing conservator; (2) appointing Respondent-Appellant Barbara Cress possessory conservator with rights of possession of said child on alternate weekends from 6 PM Friday to 6 PM Sunday, two weeks in the summer, plus alternate holiday periods; (3) awarding the intervening grandfather possessory conservatorship rights consisting of two weeks in the summer plus other unspecified reasonable visitation rights; (4) ordering the mother to pay $10.00 per week child support.

From this judgment Respondent Barbara Cress appeals, asserting that there is no evidence and insufficient evidence to support such modification order, and that the trial court abused its discretion in entering such order.

The trial court made findings of fact and conclusions of law, finding as facts: (1) that the circumstances of the child have materially and substantially changed since the divorce judgment; (2) the circumstances of the mother have materially and substantially changed since the divorce judgment; (3) retention of the mother as managing conservator would be injurious to the welfare of the child; and (4) the appointment of the Petitioner father as managing conservator would be a positive improvement for said child. Then the trial court concluded that the best interests and welfare of the child would be served by modifying the divorce decree and appointing the Petitioner father as managing conservator.

The statement of facts recites that a deposition of one Robert C. Morrison was offered into evidence by the Petitioner; whereupon the Respondent at first objected to its admissibility and then withdrew her objection. The deposition was admitted into evidence, and the Petitioner asked permission to read "certain portions" of the deposition into the record; but the trial court advised counsel that the court would read the deposition before communicating his decision to the lawyers on both sides. Therefore none of this deposition is in the statement of facts, and the deposition is not included as a part of the record before us. Moreover, the statement of facts recites that four other exhibits were offered into evidence, two by Petitioner and two by Respondent, three of which exhibits were admitted and one of which was excluded (the one excluded being a Respondent's exhibit). None of these exhibits have been included in the record and are not before us.

In short, the case is before us on a partial statement of facts. There is no stipulation in the record that the partial statement of facts constituted an agreed statement. See Rules 375, 377, and 378, Texas Rules of Civil Procedure; *Community Savings and Loan Association of Fredericksburg v. Citizens National Bank of Waco* (Waco Tex.Civ.App. 1972) 484 S.W.2d 116, writ dismissed.

We have reviewed the incomplete record. If we were called upon to decide whether the evidence set forth in the partial statement of facts is legally and factually sufficient to support the trial court's findings and judgment, we would hold that it is; however, we do not reach that decision.

■ In the absence of a statement of facts, it must be presumed on appeal that

the evidence supports the trial court's findings and judgment. See *Levitz Furniture Co. v. State* (Waco Tex.Civ.App.1971) 471 S.W.2d 452, NRE, and the cases cited therein on page 454.

█ The same rule is applicable where, as here, only a partial statement of facts is submitted, or where the record is otherwise incomplete. *Englander v. Kennedy* (Tex. 1968) 428 S.W.2d 806; *Baker v. Rutherford* (Waco CA 1956) 293 S.W.2d 669, NRE.

"The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts." *Englander,* supra.

Judgment of the trial court is accordingly affirmed.

AFFIRMED.