**Frank HYNUM, Appellant,**

v.

**FIRST STATE BANK OF KEENE, Appellee.**

**No. 5929.**

Court of Civil Appeals of Texas, Waco.

Dec. 28, 1978.

Rehearing Denied Jan. 18, 1979.

OPINION

JAMES, Justice.

This is an appeal from a default judgment. Plaintiff-Appellee First State Bank of Keene sued Defendant-Appellant Frank Hynum on a promissory note which was in default. No answer was filed by Hynum within the time required by law and thereafter a default judgment was entered against him in favor of the Bank for $65,918.67 plus $5,000 attorney's fees. Hynum filed an original and an amended motion for new trial, whereupon the trial court heard evidence upon said amended motion and overruled same, from which action Defendant-Appellant Hynum appeals. We affirm.

Defendant-Appellant asserts but one point of error, to wit, that the trial court

erred in overruling his amended motion for new trial because (Appellant says) the evidence conclusively established that Defendant-Appellant had good cause to believe that a default judgment would not be taken against him.

The case is before us on a partial statement of facts. The court reporter's transcription of the testimony heard by the trial court on the amended motion for new trial is before us; however, there were five exhibits admitted into evidence which were not included in the record. The missing exhibits are referred to in the court reporter's transcription as Plaintiff's Exhibits 1, 2, and 3, and Defendant's Exhibits 1 and 2. From what we are able to ascertain from the court reporter's transcription, these five exhibits are legal instruments which comprised part of the transactions between the Bank and Hynum, and without having these instruments before us we are unable to know the material facts as to what transpired between the parties.

In the absence of a statement of facts, or in the absence of a complete statement of facts, as here, which is the Appellant's burden and duty to bring forward, it must be presumed on appeal that the evidence supports the judgment of the trial court. *Ehrhardt v. Ehrhardt* (Tex.Civ.App., Waco 1963) 368 S.W.2d 37, writ refused; *Englander v. Kennedy* (Tex.1968) 428 S.W.2d 806; *Levitz Furniture Co. v. State of Texas* (Tex.Civ.App., Waco 1971) 471 S.W.2d 452, NRE; *Community Savings & Loan Assn. of Fredericksburg v. Citizen's National Bank of Waco* (Tex.Civ.App., Waco 1972) 484 S.W.2d 116, writ dismissed; *Moore v. Iglesias* (Tex.Civ.App., Waco 1975) 522 S.W.2d 607, no writ; *Cress v. Jenkins* (Tex.Civ. App., Waco 1978) 566 S.W.2d 706, no writ.

"The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts." *Englander, supra.*

Judgment of the trial court is accordingly affirmed.

AFFIRMED.