**Bonnie Sue GEHRING, Appellant,**

v.

**Gary Gerald GEHRING, Appellee.**

**No. 5995.**

Court of Civil Appeals of Texas, Waco.

May 24, 1979.

Bonnie Sue Gehring, Respondent-Appellant herein, asking the court to appoint him (Petitioner Mr. Gehring) managing conservator of two minor children born to the marriage of Petitioner and Respondent, to wit, two girls, Kristie Kimberly Gehring, seven years of age, and Heather Nickol Gehring, four years of age.

On August 28, 1974, a judgment of divorce was entered dissolving the marriage of Petitioner and Respondent, wherein the mother Mrs. Gehring was appointed managing conservator of said two children and the father Mr. Gehring was made possessory conservator thereof.

The instant suit was filed by the father Mr. Gehring against the mother Mrs. Gehring on June 23, 1977, wherein Petitioner in effect alleged a change in circumstances since said divorce that causes it to serve the best interests of said children to have their father appointed managing conservator and their mother made possessory conservator.

Trial was had before the court without a jury, after which the trial court entered judgment in which it was found that a material change in circumstances had occurred subsequent to the divorce decree, and that the best interests of the children would be served by appointing the Petitioner-father Mr. Gehring the managing conservator of said two children and the Respondent-mother Mrs. Gehring the possessory conservator. In accordance with said findings the trial court changed the principal custody of said children from the mother to the father, from which judgment the Respondent-mother appeals. We affirm.

Appellant asserts that there is no evidence, and insufficient evidence to support the trial court's judgment, and additionally complains that the trial court erred in admitting into evidence a tape denominated Petitioner's Exhibit No. 1, which purports to be a recording of a conversation had between Petitioner and Respondent. We overrule all of Respondent-Appellant's points and contentions and affirm the trial court's judgment.

Louis Davis, Jr., Dallas Legal Services Foundation, Inc., Dallas, for appellant.

Frank L. Plemons, Dallas, for appellee.

## OPINION

JAMES, Justice.

This is a child custody case. Gary Gerald Gehring, Petitioner-Appellee herein, brought this suit against his former wife,

■ The trial court is afforded a wide discretion in child custody cases, and its judgment will not be disturbed on appeal unless a clear abuse of discretion is shown. *Ex Parte Eaton* (1952) 151 Tex. 581, 252 S.W.2d 557; *Taylor v. Meek* (1955) 154 Tex. 305, 276 S.W.2d 787; *Herrera v. Herrera* (Tex.1966) 409 S.W.2d 395, 396; *Renfro v. Renfro* (Waco Tex.Civ.App.1973) 497 S.W.2d 807, no writ; *Gibson v. Hines* (Waco Tex.Civ.App.1974) 511 S.W.2d 546, no writ; *Adams v. Adams* (El Paso Tex.Civ.App. 1975) 519 S.W.2d 502, no writ; *Bush v. Cooley* (Waco Tex.Civ.App.1978) 561 S.W.2d 606, writ dismissed.

■ In the case at bar, the evidence is ample to support the trial court's findings that there was such a material change of conditions as to cause it to be in the best interests of these two little girls, seven and four years of age, respectively, that their principal custody be taken from their mother and awarded to their father. To state the evidence in detail would not in our opinion serve the best interests of the children. There was no evidence of misconduct on the part of the children's father. Moreover, it was shown that he had married again, had established a home, had a good income, and was willing and able to assume the responsibilities of managing conservator.

Under this record, we cannot say the trial court abused its discretion in making and entering the judgment that it did.

■ Appellant's final point of error complains that the trial court erred in admitting into evidence a tape denominated Petitioner's Exhibit No. 1, purporting to be a recording of a conversation between Petitioner and Respondent. The record shows that the trial court stated that he would hear the tape in the presence of the lawyers on both sides before reaching his decision; however, the contents of the tape are not included in the statement of facts. This tape recording was not brought forward in the record, and same is not before us. It was Appellant's burden to include this exhibit as a part of the record, which burden was not met by Appellant. Since we do not know, and cannot know, what the tape recording consists of, or what the conservation was in said recording, we can only assume that its contents support the trial court's judgment. In short, the case is before us on a partial statement of facts.

■ In the absence of a statement of facts, or in the absence of a complete statement of facts, as here, which is the Appellant's burden and duty to bring forward, it must be presumed on appeal that the evidence supports the judgment of the trial court. *Ehrhardt v. Ehrhardt* (Tex.Civ.App., Waco 1963) 368 S.W.2d 37, writ refused; *Englander v. Kennedy* (Tex.1968) 428 S.W.2d 806; *Levitz Furniture Co. v. State of Texas* (Tex.Civ.App., Waco 1971) 471 S.W.2d 452, NRE; *Community Savings & Loan Ass'n of Fredericksburg v. Citizen's National Bank of Waco* (Tex.Civ.App., Waco 1972) 484 S.W.2d 116, writ dismissed; *Moore v. Iglesias* (Tex.Civ.App., Waco 1975) 522 S.W.2d 607, no writ; *Cress v. Jenkins* (Tex.Civ.App., Waco 1978) 566 S.W.2d 706, no writ; *Hynum v. First State Bank of Keene* (Tex.Civ.App., Waco 1978) 575 S.W.2d 431, no writ.

Judgment of the trial court is affirmed.

AFFIRMED.