**Ann Elaine ROBERTS, Independent Executrix of the Estate of Samuel Hollis Roberts, Deceased, Appellant,**

v.

**Oscar C. GREENSTREET, Appellee.**

**No. 6025.**

Court of Civil Appeals of Texas, Waco.

Dec. 27, 1979.

---

1. Emphasis ours.

**120**

Warren L. Eddington, Eddington & Smith, Houston, for appellant.

Paul L. Malloy, Jr., Eugene J. Pitman, DeLange, Hudspeth, Pitman & Katz, Houston, for appellee.

OPINION

JAMES, Justice.

This is a case involving the title to and possession of a house and lot located in the City of Houston, Texas. Judgment of the trial court was in favor of the Defendant. We affirm.

Plaintiff-Appellant Ann Elaine Roberts, Independent Executrix of the Estate of

Samuel Hollis Roberts, Deceased, brought this suit against Defendant-Appellee Oscar C. Greenstreet to recover title to and possession of certain real estate, to wit, a house and lot located at 619 East Witcher Lane in the City of Houston, Harris County, Texas. Ann Elaine Roberts was the widow of Dr. Samuel Hollis Roberts, deceased, of whose estate she was Independent Executrix.

Plaintiff alleged that on July 19, 1965, the deceased Dr. Roberts executed a warranty deed conveying the subject property to Defendant Greenstreet. The record shows such deed to be absolute on its face; however, Plaintiff alleged that at the time the deed was executed, Dr. Roberts asked defendant Greenstreet to hold this property in trust for him (Dr. Roberts) and if he (Dr. Roberts) should die before (Plaintiff) Ann Elaine Roberts died, that this property was to be transferred by Greenstreet to the said Ann Elaine Roberts. Plaintiff further alleges that on November 21, 1974, Dr. Roberts died leaving his entire estate to Ann Elaine Roberts, and by his will appointed her Independent Executrix of his estate. Plaintiff by her pleadings seeks to recover the subject property from Defendant Greenstreet.

The Defendant Greenstreet is by blood relationship a first cousin to Dr. Roberts; however, Dr. Roberts's parents adopted Greenstreet when Greenstreet was very young. Therefore, Dr. Roberts and Greenstreet were legally brothers.

Defendant Greenstreet filed his First Amended Original Answer setting up not guilty; general denial; that Plaintiff-Appellant sought to enforce a parol trust which is unenforceable under Article 7425b–7, Vernon's Texas Civil Statutes; the Statute of Frauds, Section 26.01, Texas Business and Commerce Code; the Statute of Conveyances, Article 1288, V.T.C.S.; the four year statute of limitations; and laches. In addition thereto, Defendant-Appellee filed a cross-action against Ann Elaine Roberts individually and as executrix of her husband's estate in trespass to try title.

Trial was had to the court without a jury which resulted in a judgment that Plaintiff-

Appellant Ann Elaine Roberts take nothing and that Defendant-Appellee Greenstreet recover title to and possession of the subject property.

From this judgment Plaintiff appeals upon four points of error, to wit:

(1) That the trial court's failure to impress the subject property with a constructive trust is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust, under the doctrine of *In re King's Estate* (1951) 150 Tex. 662, 244 S.W.2d 660.

(2) The trial court erred in excluding from evidence a written list of properties owned by Dr. Roberts, assertedly prepared by Dr. Roberts and given to Barbara McClusky, who was the witness through whom Appellant sought to prove up such list.

(3) The trial court erred in excluding from evidence income tax returns of Dr. Roberts for the years 1967, 1968, 1969, 1970, 1971, 1972, and· 1973, which Appellant asserts would show that Dr. Roberts claimed the subject property as his own after his deed to Greenstreet.

(4) The trial court erred in refusing to grant Appellant a new trial based on newly discovered evidence. We overrule all of Appellant's points of error and affirm the trial court's judgment.

Appellant filed a statement of facts consisting of 51 pages, which shows that fifteen (15) exhibits in all were offered in evidence, three (3) of which were admitted, while the remaining twelve (12) were excluded. Said statement of facts recites that Plaintiff's Exhibits Nos. 1 and 2, and Defendant's Exhibit No. 1 were admitted; that Plaintiff's Exhibits Nos. 3 through 14 inclusive were all excluded from evidence. However, Plaintiff-Appellant has not brought forward to this court any of said fifteen exhibits.

In other words, the case is before us on a partial statement of facts. Without having these exhibits before us, we are unable to evaluate any of Appellant's points of error. There is, of course, no showing in the record that the statement of facts on file is an agreed statement of facts. See Rules 375, 377, 378, Texas Rules of Civil Procedure.

■ In the absence of a statement of facts, or in the absence of a complete statement of facts, as here, which is the Appellant's burden and duty to bring forward, it must be presumed on appeal that the evidence supports the judgment of the trial court. *Englander Co. v. Kennedy* (Tex. 1968) 428 S.W.2d 806; *Cress v. Jenkins* (Waco CA 1978) 566 S.W.2d 706, no writ; *Hynum v. First State Bank of Keene* (Waco CA 1978) 575 S.W.2d 431, no writ.

"The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts." *Englander,* supra.

■ Likewise, if Appellant complains of error in the trial court's exclusion of evidence, but Appellant fails to include the evidence in the record, there is nothing presented for review by the Appellate Court. *Gulf Paving Co. v. Lofstedt* (Tex. 1945) 144 Tex. 17, 188 S.W.2d 155; *Gordon v. Aetna Casualty & Surety Co.* (Eastland CA 1971) 351 S.W.2d 602, writ refused; *Texas Employers Insurance Assn. v. Jackson* (Waco CA 1963) 366 S.W.2d 599, NRE.

■ By Appellant's fourth and final point, Appellant complains the trial court erred in refusing to grant Appellant a new trial based on newly discovered evidence. Such alleged evidence consisted of written memoranda allegedly in Dr. Roberts's handwriting which Appellant asserts she found among Dr. Roberts's personal effects after the trial court's judgment was entered. Appellant's amended motion for new trial concerning such newly discovered evidence was supported by an attached affidavit authenticating zerox copies of such alleged memoranda. However, Appellant presented no evidence concerning such newly dis-

covered evidence; to the contrary, the record shows that Appellant's amended motion for new trial was overruled by operation of law without any hearing having been held. Again, in this state of the record, there is nothing presented to us for review. In this connection, in addition to the authorities hereinabove cited, see *Ornelas v. Dodgen Equipment Co.* (Waco CA 1978) 560 S.W.2d 527, no writ.

For the foregoing reasons, we affirm the trial court's judgment.

AFFIRMED.