CHAMPION DRILLING
CORPORATION,
Appellant,

v.

Don RANTON, D/B/A Ranton's Diesel
Service, Appellee.

No. 10–83–230–CV.

Court of Appeals of Texas,
Waco.

Jan. 12, 1984.

Marc R. May, Odessa, for appellant.

William Steven Steele, Lawrence, Thornton, Payne, Watson & Kling, Bryan, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Champion from judgment for Ranton for $31,740.86, plus attorneys' fees, in suit on sworn account (and on quantum meruit).

Plaintiff Ranton sued defendant Champion for $31,740.86 on sworn account (and on quantum meruit) for repairs made by plaintiff upon 3 oil well rig diesel engines owned by defendant.

Defendant answered by general denial and counterclaimed against plaintiff under the Deceptive Trade Practices Act alleging the repairs to the diesel engines were not done in a good and workmanlike manner.

Trial was to a jury, findings of which are summarized as follows:

1) Champion received the benefit of services and work performed and materials furnished by Ranton in the service and repair of diesel engines.

2) $31,740.86 is the reasonable value of the services, work performed, and materials furnished by Ranton.

3) $31,740.86 is owed to Ranton for labor performed and materials furnished to Champion.

4) Ranton is entitled to attorneys' fees as follows:

a) $10,000.00 in trial court.

b) $5,000.00 if appealed to Court of Appeals.

c) $2,500.00 if application made for writ of error to Supreme Court.

d) $1,000.00 if application for writ of error granted.

5) Champion was a consumer.

6) Failed to find Ranton represented to Champion that his services had characteristics, uses or benefits they did not have.

7) Failed to find Ranton represented to Champion his goods or services were of a standard or quality when such goods or services were of another standard or quality.

8) Failed to find that Ranton failed to perform his repair services in a skillful and workmanlike manner.

The trial court rendered judgment on the verdict for plaintiff for $31,740.86 plus $18,500.00 attorneys' fees (providing the judgment be credited with $8,500.00 if no appeal be taken; and $3,500.00 be credited if appealed to Court of Appeals but no writ of error applied for to the Supreme Court).

Defendant Champion appeals on 3 points asserting (1) the jury's finding to issues 6A, 6B, and 8 are against the great weight and preponderance of the evidence.

Defendant has brought forward only a partial statement of facts. The statement of facts brought forward affirmatively states that the testimony of the witnesses Payne, Glud, Mahan, Steele, Bailey and Buchanan were not requested to be transcribed or included in the statement of facts; and the court reporter's certificate states "all proceedings directed by counsel to be included in the transcript" only are therein included.

■ Because defendant did not include in his request for a partial statement of facts a statement of the points to be relied on, he cannot avail himself of the presumption that nothing omitted from the record is relevant to the points or to the disposition of the appeal. Rule 377(d) T.R.C.P.

■ When appellant (defendant) fails to discharge his burden of bringing forward a complete statement of facts or complying

with Rule 377(d), and when the points assert insufficient evidence, the evidence is presumed to support the verdict. *Englander Co. v. Kennedy,* Tex., 428 S.W.2d 806; *Moore v. Iglesias,* (Waco, Tex.Civ.App.) NWH, 522 S.W.2d 607; *McDonald v. Batson,* (Waco, Tex.Civ.App.) NWH, 514 S.W.2d 94.

Defendant's points are overruled.

■ Plaintiff by crosspoint requests this court to enter order plaintiff recover $5,000.00 attorneys' fees for this appeal as provided by the judgment of the trial court. Plaintiff already has judgment for attorneys' fees subject to credit if appeals are not taken. The record in this case reflecting defendant's appeal to this court is sufficient to prevent crediting of the $5,000.00 attorneys' fee on the judgment below.

The judgment of the trial court is affirmed.

AFFIRMED.