In the Interest of N.K.K.W., A Minor Child















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-237-CV

IN THE INTEREST OF N.K.K.W.,
A MINOR CHILD
 

From the 19th District Court
McLennan County, Texas
Trial Court # 97-2304-1
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant William Russell Wallace appeals a judgment of the trial court appointing Appellee
Carla Michele Kirkland, Managing Conservator, and Appellant, Possessory Conservator of
N.K.K.W., the minor daughter of Appellant and Appellee.
      This case began as a divorce in which one child was involved. The trial court granted
summary judgment that the parties were not married, and the case proceeded as a suit affecting
the parent-child relationship. Trial was to a jury, which found that Appellee should be appointed
Managing Conservator. Thereafter, the court rendered judgment appointing Appellee Managing
Conservator and Appellant Possessory Conservator. The judgment further fixed Appellant’s child
support and visitation with the child.
      Appellant appeals on two issues:
      Issue 1: “The trial court erred in allowing into evidence, over timely objection of Appellant,
certain photographs in an album depicting nude adolescents and other nude photographs.”
      Specifically, Appellant complains that the trial court abused its discretion and committed
reversible error in admitting Appellees Exhibits 11, 12, and 13. Appellant and Appellee lived
together in the same house. A week after filing this case, Appellee found Exhibits 11 and 13 in
the back of a filing cabinet belonging to Appellant. Exhibit 12 was found by Appellee in a
bookcase used by Appellant and Appellee. Exhibit 11 was ten photographs of nude adolescents,
Exhibit 12 was a book entitled “Nude Beaches and Recreation” and Exhibit 13 was a photo album
of nude photographs.
      A decision whether to admit evidence rests within the discretion of the trial court. E I du Pont
de Nemours v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995). The trial court commits error in the
admission or exclusion of evidence only if it abuses its discretion. Id., p. 558; In the Interest of
C.Q.T.M., a Minor Child, 25 S.W.3d 730, 736. The test for abuse of discretion is whether the
trial court acted without reference to any guiding principles or rules; in other words, whether the
act was arbitrary or unreasonable. Wilemon v. Wilemon, 930 S.W.2d 290, 294 (Tex. App.—Waco
1996, no pet.); Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990).
      Appellant contends the trial court abused its discretion in admitting the evidence because there
was no showing that the photographs or book were in Appellant’s possession. The evidence was
in Appellant’s home where Appellant and Appellee lived. Appellee testified the items were not
hers. Circumstantially, the evidence was in Appellant’s possession.
      The best interest of the child shall always be the primary consideration of the court in
determining the issues of conservatorship and possession of and access to the child. Tex. Fam.
Code § 153.002. Trial courts have great discretion in determining the best interest of a child. 
Villasenor v. Villasenor, 911 S.W.2d 411, 419 (Tex. App.—San Antonio 1995, no pet.).
      Appellant’s penchant for photographs of nude adolescents and adults is relevant to his
appropriateness to be the Managing Conservator of a young female child.
      The trial court did not abuse its discretion in admitting Exhibits 11, 12 and 13 into evidence.
      Issue 1 is overruled.
      Issue 2: “The trial court erred in allowing into evidence, over timely objection of Appellant,
the medical records of Dr. Patricia J. Micklos and Dr. Robert D. Thrift.”
      Specifically, Appellant contends that the trial court abused its discretion and committed
reversible error by admitting the psychological reports of Dr. Micklos and Dr. Thrift because such
reports are privileged and their admission influenced and prejudiced the jury against him.
      Appellant saw Dr. Micklos and Dr. Thrift, who are psychologists, for relationship problems
in 1993 and in 1996 through 1999.
      Tex. Health & Safety Code § 611.006(a)(6) authorizes the disclosure of confidential
information in a judicial proceeding affecting the parent-child relationship.
      Appellant denied that he had ever seen or possessed Exhibits 11 and 13, and that he was
unsure if he had seen or possessed Exhibit 12. The reports of Drs. Micklos and Thrift reflect that
Appellant had discussed the photographs with both psychologists and were offered to impeach
Appellant’s testimony of denial of possession of the Exhibits.
      The reports were admissible under Tex. Health & Safety Code § 611.006(a)(6).
      Issue 2 is overruled.
      Moreover, this case is before us on a Partial Reporter’s Record (formerly Statement of Facts). 
The Clerk’s Record reflects that the trial commenced on November 18, 1999 and concluded on
November 23, 1999. Only the hearings on the admissibility of Exhibits 11, 12 and 13 outside the
presence of the jury (all of which took place on November 18 and 19, 1999) are in the Partial
Reporter’s Record and the Exhibits are included in the Partial Reporter’s Record. None of the
evidence introduced between November 19 and November 23 is contained or included in the
Partial Reporter’s Record.
      In the absence of a complete Statement of Facts (Reporter’s Record), it must be presumed on
appeal that the evidence otherwise supports the verdict and judgment of the trial court. Ehrhardt
v. Ehrhardt, 368 S.W.2d 37 (Tex. App.—Waco 1963, writ ref’d); Englander v. Kennedy, 428
S.W.2d 806 (Tex. 1968); Moore v. Iglesias, 522 S.W.2d 607, 608 (Tex. App.—Waco 1975,
n.w.h.).
      Finally, to obtain the reversal of a judgment based on the error of the trial court in admission
or exclusion of evidence, it must be shown that the trial court did in fact commit error, and that
the error was reasonably calculated to cause and probably did cause rendition on an improper
judgment. Gee v. Liberty Mutual Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989).
      Appellant has not shown that the trial court committed error or that the asserted error caused
or probably caused the rendition of an improper judgment.
      The judgment of the trial court is affirmed.

                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 7, 2001
Do not publish