The ENGLANDER CO., Inc., et al.,
Petitioners,

v.

Jack G. KENNEDY, Respondent.

No. B–830.

Supreme Court of Texas.

May 29, 1968.

Rehearing Denied July 2, 1968.

Brame & Brame, M. S. Brame, Sherman, Cervin & Stanford, Paul H. Stanford, Dallas, for petitioners.

Carl McLynn, Sherman, for respondent.

PER CURIAM.

In this case the trial court rendered judgment for the plaintiff and made findings of fact and conclusions of law in support of its judgment. On appeal to the court of civil appeals, defendant, Englander Co., contended that a vital fact finding of the trial court was not supported by the evidence. The court of civil appeals affirmed. 424 S.W.2d 305. Two of the defendants have filed applications for writs of error in this court.

▮ In perfecting the record for appeal, the defendants requested and filed only a partial statement of facts consisting of documentary evidence admitted at the trial. Some of the documents admitted at the trial were not designated by the defendants to be included in the statement of facts, but these were included at the request of the plaintiff. No party requested that other evidence taken at the trial be transcribed into the statement of facts. The plaintiff did not stipulate that the partial statement of facts constituted an agreed statement. Tex.Rules Civ.Proc. 375, 377, and 378. The court of civil appeals held that "[i]n the absence of a complete statement of facts there is no way for us to examine the whole record to determine whether there is any evidence to support the court's findings and conclusions. With only a partial statement of facts before us we must presume that there was evidence to support the court's findings." We approve the holding of the court of civil appeals although Tex.Rules Civ.Proc. 377(c) has been interpreted as requiring a different result. See Advisory Opinions of the Subcommittee on Interpretation of the Texas Rules of Civil Procedure, 5 Tex.B.J. 236 (1942), 5 Tex.B.J. 428 (1942), 8 Tex.B.J. 17 (1945), 8 Tex.B.J. 27 (1945); and

Stayton. Analysis of Texas Changes, 4 Tex.B.J. 667 (1941).

■ The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts.

We refuse the applications for writ of error, no reversible error. Tex.Rules Civ. Proc. 483.