Thomas MAGRANE, Appellant,

v.

Ben T. BENNETT, Thomas J. Jordan and O. J. Van Horn, Appellees.

No. 15943.

Court of Civil Appeals of Texas, San Antonio.

Feb. 22, 1978.

Lloyd L. Oubre, San Antonio, for appellant.

Reese L. Harrison, Jr., San Antonio, for appellees.

MURRAY, Justice.

O. J. Van Horn filed suit on a series of notes executed by Thomas Magrane, individually, Christopher Goldsbury, individually, and Van Horn-Goldsbury-Magrane, Inc. Thomas Magrane thereafter filed a third party action against Ben T. Bennett and Thomas J. Jordan. The basis for this third party action was a contract entered into on the 30th day of November 1971, between Thomas Magrane, appellant, and Ben T. Bennett and Thomas J. Jordan, appellees. Appellees filed a cross action against appellant alleging a breach by appellant of that part of the agreement dealing with a noncompete provision. The contract in question was for the sale of an insurance business by appellant to appellees. Among other payments called for by the contract, the appellees were to pay appellant a sum at the end of one year according to a formula therein set out.

On trial without a jury, the trial court awarded judgment to O. J. Van Horn on the notes and denied all relief to appellant and appellees. That part of the judgment awarding judgment to O. J. Van Horn on the notes is not the subject of this appeal. Both the appellant and appellees have perfected an appeal to this Court.

No findings of fact or conclusions of law were requested or found by the trial court. All of appellant's points of error are based on the contention that the implied findings and conclusions of the court are without support of the evidence. Likewise, all of appellees' and cross appellant's points of error are based on the conclusion that the implied findings and conclusions of the court are without support of the evidence.

We cannot sustain any of these points. Only a partial statement of facts was brought upon appeal. Both appellant and appellees have admitted in oral argument and in their briefs that only a partial transcript of the evidence is before this Court.

In the absence of a complete statement of facts there is no way for us to examine the whole record to determine whether there is any evidence to support the court's findings and conclusions. Appellant and appellees did not stipulate that the partial statement of facts constituted an agreed statement pursuant to Tex.R.Civ.P. 375, 377, and 378. With only a partial statement of facts before us we must presume that there was evidence to support the court's finding. *The Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968).

The judgment of the trial court is affirmed.