Johnny **FERRELL**, Appellant,

v.

**FIRST NATIONAL BANK OF BRYAN**, Appellee.

No. 5952.

Court of Civil Appeals of Texas, Waco.

Jan. 11, 1979.

D. Brooks Cofer, Jr., Cofer & Van Overbeek, Bryan, for appellant.

Frank Steelman, Bryan, for appellee.

HALL, Justice.

This is a garnishment proceeding. In April, 1973, appellee First National Bank of Bryan recovered judgment for $5,277.95 against appellant Johnny Ferrell in cause number 19128 in the District Court of Brazos County, Texas, on a promissory note. Citation against appellant in that case was by publication. On October 7, 1976, appellee initiated the present suit by filing its

sworn application for writ of garnishment against First National Bank of Bellville, Bellville, Texas, setting up the judgment against appellant and asserting that garnishee bank was indebted to appellant. The writ of garnishment was issued on October 11, 1976. On November 4, 1976, appellant intervened and moved to quash the writ on grounds that (1) the application was fatally deficient in its statutory requisites, and (2) the judgment in cause no. 19128 was void for want of proper service of citation against him in that case. Garnishee bank answered on November 9, 1976, that it was indebted to appellant Ferrell under two accounts in the sum $2,914.72.

Appellant's motion to quash the writ of garnishment was heard on May 24, 1978; and it was denied by order dated May 9, 1978, which recites that appellant Ferrell and appellee Bank were present and represented by counsel at the hearing and that evidence was adduced on the motion. Thereafter, on May 16, 1978, the judgment in question was rendered awarding appellee a recovery of $2,914.72 against garnishee bank. Appellant filed a motion for new trial which, after a hearing, was overruled. He perfected this appeal. We affirm the judgment.

■ Article 4076, Vernon's Tex.Civ.St., provides for the issuance of writs of garnishment where the plaintiff has a valid, subsisting judgment and makes affidavit that "the defendant has not, within his knowledge, property in his possession *within this State*, subject to execution, sufficient to satisfy such judgment." (Emphasis supplied). In our case, appellant averred in its application for writ of garnishment that "defendant [Ferrell] has not within Affiant's knowledge, property in his possession subject to execution sufficient to satisfy the Judgment," but failed to include the words "within this State" after the word "possession." Appellant asserts that omission rendered the application fatally defective. We disagree. It is our view that the allegation that defendant did not have property in his possession subject to execution necessarily included the allegation that he did not possess property "in this State" subject to execution.

■ Appellant asserts the record fails to establish that citation by publication in cause number 19128 was proper, and that the judgment in that case is therefore void, because the evidence fails to show that appellant exercised diligence to locate him for personal service prior to service by publication. This contention is based upon evidence adduced on the hearing of appellant's motion for new trial. However, as we have said, the interlocutory order overruling appellant's motion to quash the writ of garnishment (in which appellant attacked the service in the prior suit) recited that defendant was present at the hearing on the motion and that evidence was taken thereon. Appellant has not brought forward the evidence adduced at that hearing. "When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts." *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.Sup.1968). This case is not before us on an agreed statement of facts. Under *Englander*, we must assume the evidence introduced on appellant's motion to quash the writ of garnishment supported the finding of due diligence by appellee Bank to locate appellant for personal service in cause number 19128.

■ Finally, appellant contends the judgment awarding appellee recovery against garnishee bank must be set aside because no evidence was offered to support the recovery. We overrule that complaint. Other than the grounds set up in appellant's motion to quash which we have already mentioned, appellant did not contest appellee's right of garnishment. The issues raised in the motion to quash had been heard and determined prior to rendition of the judgment against garnishee bank. In its answer, garnishee bank admitted that when the writ of garnishment was served it was indebted to appellant in the sum $2,914.72, and it did not contest appellee's

right to those funds. The judgment was for that amount. In its pertinent part Rule 668, Vernon's Tex.Rules Civ.Proc., provides that should it appear from the answer of the garnishee "that the garnishee is indebted to the defendant in any amount, or was so indebted when the writ of garnishment was served, the court shall render judgment for the plaintiff against the garnishee for the amount so admitted."

Appellant's points and contentions are overruled. The judgment is affirmed.