**Jack Irving BASTOW, Appellant,**

v.

**Elaine Bastow BARRON, Appellee.**

**No. 8473.**

Court of Civil Appeals of Texas, Beaumont.

July 24, 1980.

Robert E. Jack, Cameron, for appellant.

Jane Matyastiek, Cameron, for appellee.

DIES, Chief Justice.

On July 30, 1974, the District Court of Milam County rendered a judgment dissolving the marriage of Jack Irving Bastow and Elaine Kay Bastow. The decree awarded the custody of the children to Elaine Kay Bastow, and ordered the husband "shall pay the sum of $87.50 per month as support for each of said children in monthly payments. . . . ."

In October of 1978, Elaine filed to collect past due child support, and on February 23, the court entered a judgment awarding Elaine judgment against her ex-husband

for the sum of $3,400, interest, and $250 attorney's fees for Elaine's attorney. From this judgment the ex-husband brings this appeal. While we have findings of fact and conclusions of law, we have no statement of facts.

■ Appellant, ex-husband, argues that since the divorce decree did not provide for the payments to be made to appellee, he was without authority to so order in the instant suit. We disagree. See 33 Tex. Jur.2d *Judgments* § 84 (1962); *Wyman v. Harris*, 222 S.W.2d 297, 305 (Tex.Civ.App.— Beaumont 1949, writ ref'd n.r.e.); *State v. Starley*, 413 S.W.2d 451, 459 (Tex.Civ.App. —Corpus Christi 1967, no writ) (citing 4 R. McDonald, *Texas Civil Practice* § 17.10). These points are overruled.

■ Appellant also complains of the award of attorney's fees because the court had no findings to support this award. This contention has no merit, and we overrule this point. See *The Englander Co., Inc. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968).

> "The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the chance of a complete or an agreed statement of facts."

The judgment of the trial court is affirmed.

AFFIRMED.

CLAYTON, J., not participating.