**BIG STATE PAWN AND BARGAIN CENTER NO. 1 Appellant,**

v.

**Sidney L. GARTON and Catherine Garton Appellees.**

**No. 11–91–110–CV.**

Court of Appeals of Texas, Eastland.

June 25, 1992.

Rehearing Denied July 23, 1992.

Michael Minton, Lee Wyatt, Decker, Jones, McMackin, McClane, Hall, & Bates, Fort Worth, for appellant.

Carole W. Clark, A.A. Clark, III, Clark & Clark, Tyler, for appellees.

## OPINION

DICKENSON, Justice.

A commercial tenant, Big State Pawn,[1] filed suit in the Justice of the Peace Court against its landlords, Sidney L. Garton and Catherine Garton. After the Justice of the Peace Court entered a writ of reentry and an order requiring the landlords to show cause why they should not be held in contempt for noncompliance, the landlords filed a writ of certiorari[2] in County Court at Law No. 2 of Smith County. After a nonjury trial, the County Court denied all relief requested by Big State Pawn and ordered Cash America Investments, Inc. to pay the landlords $1,000 for their attorney's fees. Big State Pawn appeals. We affirm.[3]

### Point of Error

Big State Pawn has briefed one point of error in which it argues that the trial court erred in granting the writ of certiorari because: "[T]he court lacked subject matter jurisdiction to review a writ of reentry by certiorari."

### Background Information

There is no statement of facts, and the presumption is that there is evidence to support every fact finding made by the trial court. *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968). The trial court stated in its judgment that:

---

1. Big State Pawn and Bargain Center No. 1 is an assumed name of Cash America, Inc., a Delaware Corporation which is authorized to transact business in the State of Texas.

2. See TEX.CIV.PRAC. & REM.CODE ANN. § 51.002 (Vernon 1986).

3. This appeal was transferred from the Tyler Court of Appeals to this court pursuant to TEX. GOV'T CODE ANN. § 73.001 (Vernon 1988).

All issues raised in Plaintiff's and Defendants' pleadings, originally filed in the Justice Court below, were tried at the mutual request and consent of the parties.

The Court having reviewed the pleadings, heard the evidence and argument of counsel, finds as follows:

There is no credible evidence or, in the alternative, there is insufficient credible evidence to support the allegations made [by Big State Pawn].

Big State Pawn filed its suit in Justice of the Peace Court on October 9, 1990, secured and executed a writ of reentry on that same day, and secured an order on October 11 in ex parte proceedings which found the landlords to be in contempt. On October 16, the Justice of the Peace Court vacated its order of contempt, and it issued an amended writ of reentry and a show-cause order commanding the landlords to appear at 8:30 a.m. on October 17 to show cause why they should not be held in contempt and committed to jail or assessed other punishment. The writ of certiorari was filed in the County Court at Law No. 2 less than 30 minutes before the time set for the show-cause hearing in the Justice of the Peace Court.[4]

### Basis for Decision

TEX.PROP.CODE ANN. § 93.003 (Vernon Supp.1992) was enacted in 1989 to give commercial tenants a statutory right of reentry after an unlawful lockout, and this new statute provides that:

A party *may* appeal from the court's judgment at the hearing on the sworn complaint for reentry *in the same manner as a party may appeal a judgment in a forcible detainer suit.* (Emphasis added)

TEX.CIV.PRAC. & REM.CODE ANN. § 51.002 (Vernon 1986) provides that a person may remove a final judgment in which the amount in controversy exceeds $20

from the justice court to the county court by writ of certiorari, with one exception:

This section does not apply to a case of forcible entry and detainer.

 We hold that Section 51.002 of the Civil Practice and Remedies Code does not exclude suits for reentry under Section 93.-003 of the Property Code. The legislature could have amended that section to exclude suits for reentry from the writ of certiorari procedures if that is what the legislature wanted. Instead, the legislature used permissive language, "may appeal," in the appeal paragraph in Section 93.003. Consequently, a party in a suit for reentry under Section 93.003 may either appeal "in the same manner as a party may appeal a judgment in a forcible detainer suit" or file a writ of certiorari under Section 51.002. Moreover, the trial court found that all of the issues were tried by mutual consent of the parties, and the trial court had subject matter jurisdiction over both appeals from justice court and over writs of certiorari to the justice court.

The judgment of the trial court is affirmed.

---

4. We note that Big State Pawn filed a motion for leave to file a petition for writ of mandamus against the Judge of County Court at Law No. 2 after trial when the judge told the parties that

he would enter judgment for the landlords. The motion for leave was denied by the Tyler Court of Appeals on January 31, 1991, in Cause No. 12–90–339–CV (not published).