Warner v. Stewart & Stevenson Realty Corp. et al. 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-177-CV

      HARRY JAMES WARNER,
                                                                                              Appellant
     v.

     STEWART & STEVENSON
     REALTY CORPORATION, ET AL.,
                                                                                              Appellees
 

From the 11th District Court
Harris County, Texas
Trial Court # 90-29330
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal by Appellant Warner from that portion of a judgment that awards exemplary
damages.
      Appellant (plaintiff in the trial court) was injured when he fell into an uncovered manhole built
by defendant Stewart and Stevenson Realty Corporation on land owned by it and over which
defendant Harris County Flood Control District had an easement.
      Appellant, alleging negligence and gross negligence, sued the two defendants for his injuries.
      Trial was to a jury which found that both defendants had control over the manhole; that the
negligence of both defendants caused plaintiff's injuries; that actual damages should be assessed
in the amount of $9,000; that both defendants were grossly negligent; that $1 exemplary damages
should be awarded against the Flood Control District; and that $0 exemplary damages should be
awarded against Stewart & Stevenson.
      The trial court rendered judgment for plaintiff on the verdict, awarding $1 exemplary damages
against the Food Control District and $0 for exemplary damages against Stewart & Stevenson.
      Appellant filed a motion for a new trial solely to the findings of the jury regarding exemplary
damages, which motion was denied by the trial court. He then filed a notice of limitation of
appeal to issues of the judgment regarding exemplary damages and appeals on three points.
      Point one asserts the jury's answers of $0 and $1 exemplary damages are inconsistent and
irreconcilable with the jury's findings of gross negligence on the part of both appellees; point two
asserts that $0 and $1 exemplary damages are grossly inadequate given the findings of gross
negligence; and point three asserts the findings of $0 and $1 are against the great weight and
preponderance of the evidence.
      Question 10 asked the jury:
Was Harris County Flood Control District's gross negligence, if any, a proximate
cause of the occurrence or injury in question?
 
Harris County Flood Control District was grossly negligent with respect to the
condition of the premises if:
Harris County Flood Control District's conduct was more than momentary
thoughtlessness, inadvertence, or error of judgment. In other words, Harris
County Flood Control District must have displayed such an entire want of care
as to indicate that the act or omission was the result of actual conscious
indifference to the rights, safety, or welfare of the persons affected by it?

                  The jury answered: "YES."

      Question 11 asked the jury:
 
What sum of money, if any, should be assessed against Harris County Flood Control
District and warded to Harry Warner as exemplary damages?:
"Exemplary damages" means an amount that you may in your discretion
award as an example to others and as a penalty by way of punishment, in
addition to any amount that you may have found as actual damages. Answer in
dollars and cents, if any.

                  The jury answered: $1.

      Questions 12 and 13 were identical to questions 10 and 11, except they inquired as to Stewart
& Stevenson.

      The jury answered Question 12, "Yes," and answered Question 13, "$0."

      Questions 11 and 13 inquired as to what sum of money, "if any," should be assessed as
exemplary damages; and the instruction accompanying the issues expressly stated that "exemplary
damages means an amount that you may in your discretion award . . . ."
      Thus, as the jury was not required to assess exemplary damages even though the elements
therefor exist; and the answer of the jury to a question finding the facts necessary to establish an
award of exemplary damages is not inconsistent with an answer to a question that no exemplary
damages are assessed. Sec. 345 Damages, 28 Tex. Jur. 3d, p. 522.
      An injured person has no vested right to an award of exemplary damages and the award of
such damages rests solely within the discretion of the jury. Thus, when the elements of such
damages were found by the jury to exist, they may make an award of exemplary damages; but if
the jury refuses to assess such damages, whatever may be the facts, the injured party cannot
complain. Sec. 352 Damages, 28 Tex. Jr. 3d, p. 530; Cotton v. Cooper, Com. Appls, 209 S.W.
135, 138; Von Deventer v. Gulf Production Co., (Tex. App—Beaumont 1931), er. ref'd, 41
S.W.2d 1029, 1033, 1034.
      Appellant has not brought forward a statement of facts. In the absence of a statement of facts,
this court must presume that there was sufficient evidence to support the jury's findings. 
Englander v. Kennedy, 428 S.W.2d 806 (Tex.); Ehrhart v. Ehrhart, (Tex. App.—Waco), 368
S.W.2d 37, er. ref'd. Additionally, as to the Harris County Flood Control District, it is an agency
of the State of Texas and, as such, is covered by the Tort Claims Act. Harris County Flood
Control District v. Mihelich, 525 S.W.2d 506 (Tex.). The Texas Tort Claims Act, section
101.024, provides that exemplary damages are not authorized.
      All of Appellant's points are overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 2, 1994
Do not publish