11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Robert F. Tucker

Appellant

Vs.                   No.
11-00-00317-CV B Appeal from Dallas County

Joann Page

Appellee

 

Petitioner,
Joann Page, the former wife of respondent, Robert F. Tucker, sued respondent,
seeking clarification of the decree dated June 18, 1985, which granted their
divorce and divided their property. 
Petitioner requested the court to enter an enforceable qualified
domestic relations order.  On September
11, 2000, the trial court signed a qualified domestic relations order.  Respondent appeals.  We affirm.

The
controversy involves language contained in the divorce decree relating to the
right of  either party to purchase the
interest of the other party in the homestead or the retirement plan.  The original decree provides in part:








It is
further ORDERED that the homestead of the parties located at 804 Jack Street in
Seagoville, Dallas County, Texas, be sold on or after October 1, 1985, and the
net proceeds, after payment of all costs and expenses incurred in the sale of
such home, be divided 60% to Petitioner and 40% to Respondent.  It is further ORDERED that the pension or
retirement plan of Respondent, through his employment with the Dallas County
Sheriff=s Department, in the present value of
$21,385.00 be divided 60% to Petitioner and 40% to Respondent. 
With regard to the proration of the equity in the homestead of the
parties and the retirement fund, it is further ORDERED that either party may
purchase the interest of the other party in the homestead or the retirement
plan, provided that fee simple ownership of both the home and the retirement
plan, as it presently exists, vest in either of the parties.  For this purpose $16,000.00 is
awarded to Respondent as and for his equity in the home and $12,810 is awarded
to Petitioner as and for her equity in the retirement program.  In the event Petitioner does not
elect to purchase the interest of Respondent in the homestead, then Petitioner=s vested interest in the retirement fund
through the Dallas County Sheriff=s Department shall be the sum of $12,810.00 upon cancellation or
termination of Respondent=s participation in the plan or upon Respondent drawing retirement
benefits therefrom.  This order shall be
treated as a qualified domestic relations order under the Retirement Equity Act
of 1984.  (Emphasis added)

 

The
qualified domestic relations order signed by the trial court on September 11,
2000, provides in part:

This ORDER
is intended to meet the requirements for a Aqualified domestic relations order@ relating to the TEXAS COUNTY AND DISTRICT  RETIREMENT SYSTEM, hereinafter called the APlan@.  This Order is an integral
part of the Decree of Divorce signed on the 18th day of June, 1985.  In compliance with those requirements the
following is specified:

 

1. 
This qualified domestic relations order assigns a portion of the
benefits under the Plan to JOANN PAGE in recognition of her marital rights in
ROBERT F. TUCKER=s benefits payable under the Plan.

 

3. 
Participant and Alternate Payee became married on April 17, 1964.

 

4.  A
portion of any benefit payable with respect to Participant which Participant,
or Participant=s designated beneficiary, surviving spouse,
or estate may become entitled to receive from the Plan, by way of a return of
accumulated contributions or by way of any annuity that may become payable as a
result of Participant=s
participation in the Plan is hereby awarded to Alternate Payee, such portion to
be determined by multiplying 60% - by the Community Property Ratio based on:

 

accumulated contributions between the
following dates: April 17, 1964 and June 18, 1985 value of $21,385.00.

 

Respondent contends that
the trial court improperly altered the divorce decree which provides that
petitioner should receive the fixed sum of A$12,810.00 upon cancellation or termination of Respondent=s participation in the plan or upon
Respondent drawing retirement benefits therefrom.@  See Allen v. Allen, 717 S.W.2d
311, 312 (Tex.1986).








TEX. FAM.
CODE ANN. ' 9.102(d) (Vernon 1998) states that a suit
seeking a qualified domestic relations order shall be Aconducted in the same manner as civil cases
generally.@  The
record in this case reflects that the trial court conducted a hearing on
petitioner=s petition. 
The trial court filed findings of fact and conclusions of law as
directed by TEX.R.CIV.P. 296 & 297. 
Respondent did not file the statement of facts from the hearing.  The rule to be applied on appeal is stated
in 4 McDONALD, TEXAS CIVIL PRACTICE ' 20:14(c) (1992):

When
specific findings of fact and conclusions of law are filed, and no statement of
facts is brought forward, the findings of fact are binding on the parties and
are accepted as justified by the evidence. 
(Citations omitted)

 

See Englander Co. v.
Kennedy, 428 S.W.2d 806 (Tex.1968).

In the
findings of fact, the trial court found in pertinent part:

2. The
Decree awarded Petitioner 60% of the value of the Respondent=s retirement as of the date of the divorce
which was $21,385.00 from Respondent=s employment with the Dallas County Sheriff=s Department (page 7 of the Decree of
Divorce).

 

3.  The Decree of Divorce as drafted failed to
meet the requirements of a Qualified Domestic Relations Order of the Texas
County and District Retirement System.

 

4.  All interest on or increase in value of
Petitioner=s portion of the retirement benefits after
the date of divorce is her separate property.

 

5.  The Qualified Domestic Relations Order
signed by this court is in compliance with Finding of Fact No. 4.

 

The 1985
divorce decree provides that petitioner=s vested interest in the retirement fund would be $12,810 A[i]n the event@ petitioner elected not to purchase the interest of respondent in the
homestead.  There is no statement of
facts.  There is no evidence that
petitioner elected not to purchase respondent=s interest in the homestead.  We
must presume that there was evidence to support the trial court=s findings. 
Englander Co. v. Kennedy, supra.








The
qualified domestic relations order signed by the trial court on September 11,
2000, is affirmed.[1]

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

September 13, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and                                                                                 

Wright, J., and McCloud, S.J.[2]











[1]TEX. FAM. CODE ANN. '
9.105 (Vernon 1998) states:

 

The court shall liberally construe this subchapter to effect payment of
retirement benefits that were divided by a previous decree that failed to
contain a qualified domestic relations order or similar order or that contained
an order that failed to meet the requirements of a qualified domestic relations
order or similar order.





[2]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.