In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00097-CV

____________


FARID H. BASTANI, Appellant


V.


ARGELIA SERRATO, Appellee






On Appeal from the County Court at Law No. 1 

Brazos County, Texas

Trial Court Cause No. 53,111-CCL1

 




O P I N I O N


 Appellant, Farid H. Bastani, appeals from a judgment, rendered after a bench
trial, ordering Bastani to convey his home to appellee, Argelia Serrato, while
forfeiting the remaining principal and interest on the home's sale, and awarding
Serrato attorney's fees and $2,500 in damages. We determine (1) whether Bastani
may prevail without a reporter's record and (2) whether Serrato adequately pled the
relief she was awarded, given that Bastani did not specially except to Serrato's
pleadings. We affirm.

Background


 Bastani sold his home to Serrato by a contract for deed, under which Serrato
was to pay Bastani $65,000 over 10 years. If Serrato breached, the contract for deed
would release Bastani from conveying the home; forfeit Serrato's rights, thus
transforming her prior payments into mere rent; and require Serrato to pay 18%
interest (1) on any outstanding balances. Bastani claimed Serrato breached the contract
by ceasing payments, and Serrato claimed Bastani breached the contract by
concealing pre-existing encumbrances on the land, failing to provide an accounting
of taxes and interest, and demanding excessive principal and interest, among other
things. 

 Bastani sent Serrato three letters that declared Serrato's forfeiture under the
contract for deed and demanded payment, late charges, and the 18% interest. When
Serrato did not pay, Bastani sued for a declaratory judgment to establish Serrato's
breach, terminate the sale, and recover "additional [contractual] penalties in the
amount of 18%." Serrato asserted the defense of usury. She also counterclaimed,
alleging contract breach; asserting violations of the Deceptive Trade
Practice--Consumer Protection Act (2) ("DTPA"), the Property Code, and the Finance
Code; and requesting declaratory judgment and specific performance. By
supplemental petition, Bastani sought declaratory judgment against Serrato's
counterclaims and defenses.

 After a bench trial, the trial court ruled in Serrato's favor, awarding her the
home, statutory penalties of $2,500, and attorney's fees and ordering that Bastani
clear the home's title and forfeit the remaining principal and interest. The trial court
filed 53 fact findings and 37 legal conclusions. The fact findings included the
following: (1) Bastani charged usurious interest of more than twice the legal amount,
(2) his charging usurious interest was not accidental or the result of a bona fide
mistake or clerical error, and (3) he violated the DTPA, the Property Code, and the
Finance Code.

Sufficiency Attacks


 In points of error one through three, Bastani argues the trial court erred in
finding he committed usury because (1) the note contained a usury "savings clause,"
which showed the contracting parties' intent to comply with the usury statute; (2) no
admissible evidence showed Bastani attempted to collect usurious interest; and (3)
any attempt to collect usurious interest was accidental or resulted from bona fide
error.

 Each of these challenges is, in essence, an attack on the trial court's fact
findings. Each challenge thus depends on the state of the trial evidence. See, e.g.,
Englander Co. v. Kennedy, 428 S.W.2d 806, 806-07 (Tex. 1968). The clerk's record
shows that five witnesses testified and that evidence was admitted. However, we
neither have a transcription of that testimony, nor do we know the contents of all of
the exhibits, because Bastani did not pay for the reporter's record. On May 2, 2002,
after due notice to Bastani and a reasonable opportunity to cure, we ordered the
appeal taken on the clerk's record and briefs alone because Bastani had not made
arrangements to pay for the reporter's record. See Tex. R. App. P. 37.3(c).

 We thus decline to consider Bastani's first three issues. See id. ("[T]he
appellate court may consider and decide those issues or points that do not require a
reporter's record for a decision . . . if no reporter's record has been filed because: . .
. (2)(A) appellant failed to pay or make arrangements to pay the reporter's fee to
prepare the reporter's record; and (B) the appellant is not entitled to proceed without
payment of costs."). Even were we to consider those issues, we would have to
overrule them because we must presume the untranscribed reporter's record contained
relevant evidence that supported the trial court's judgment and fact findings. See
Little v. McAninch, 896 S.W.2d 199, 201 (Tex. App.--Houston [1st Dist.] 1994, writ
denied) (bench trial with fact findings); see also Kennedy, 428 S.W.2d at 807 ("The
burden is upon a party appealing from a trial court judgment to show that the
judgment is erroneous in order to obtain a reversal. When the complaint is that the
evidence is factually or legally insufficient to support vital findings of fact, or that the
evidence conclusively refutes vital findings, this burden cannot be discharged in the
absence of a complete or an agreed statement of facts."). 

 We overrule points of error one through three.

Remedy Pled


 In point of error four, Bastani argues that the court-awarded remedy of
forfeiture of the principal exceeds the relief pled by Serrato. A pleading setting forth
a claim for relief must contain, among other things, a demand for judgment for all
relief sought. See Tex. R. Civ. P. 47. Texas follows a "fair notice" pleading
standard, which considers whether the opposing party can ascertain from the pleading
the controversy's nature, the basic issues, and what testimony will be relevant. 
Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 896 (Tex. 2000). Pleadings
are to be construed liberally in favor of the pleader, especially if the opposing party
does not specially except. Id. at 897; see Tex. R. Civ. P. 1.

 We construe Serrato's pleadings liberally because Bastani did not specially
except. See id. Serrato's answer and counterclaim alleged that Bastani had charged
usurious interest in violation of the Finance Code; sought "to recover principal
amount" if the court determined that Bastani charged over twice the amount of
interest allowed by the Code; prayed for "penalties authorized by law," among other
things; and requested a declaratory judgment to determine the principal and interest
owing on, and any offsets to or credits from, the purchase price. Construing Serrato's
pleading liberally, we hold it gave fair notice that Serrato sought applicable statutory
penalties, including forfeiture of principal if the trial court found, as it ultimately did,
that Bastani charged twice the legal interest rate. See Tex. Fin. Code Ann. §
305.002(a)(1)-(2) (Vernon Supp. 2002) (creditor seeking more than double legal
interest amount liable for principal and all interest and charges); see also id. at
305.001 (Vernon Supp. 2002) (authorizing monetary penalties for usurious interest).

 Accordingly, we overrule point of error four.


Conclusion


 We affirm the judgment of the trial court.



 Tim Taft


 Justice


Panel consists of Justices Taft, Alcala, and Price. (3)


Do not publish. Tex. R. App. P. 47.4.
1. The contract for deed called this 18% "interest," while the real-estate lien note
referred to it as "additional" funds to be considered "as attorney's fees."
2. Tex. Bus. & Com. Code Ann. §§ 17.41-.506 (Vernon & Supp. 2002).
3. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.