NO. 12-09-00157-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN THE INTEREST                                     §                      APPEAL
FROM THE 321ST

                                                                        

OF B.J.H.-T.,                                                 §                      JUDICIAL
DISTRICT COURT 

 

A CHILD                                                        §                      SMITH
COUNTY, TEXAS







MEMORANDUM
OPINION

            M.E.T.
appeals from the trial court’s permanent injunction and modification order in a
suit affecting the parent-child relationship.  In ten issues, M.E.T. contends
the trial court abused its discretion and violated his constitutional rights. 
We dismiss one issue for lack of jurisdiction and affirm the trial court’s
injunction and modification order.

 

Background

            Since
shortly after his birth in February 2007, B.J.H.-T.’s parents, L.H. and M.E.T.,
have been litigating the terms of his childhood.  The court appointed L.H. and M.E.T.
joint managing conservators and specified the terms of possession.  On
September 30, 2008, L.H. applied for a protective order seeking protection
against M.E.T. for herself, B.J.H.-T., and for her older son, B.H.  The court
granted a temporary ex parte protective order on October 2, 2008.  A hearing
was held on October 29 and November 4.  As a result of that hearing, the trial
court denied L.H.’s application for a protective order but signed, sua sponte,
a permanent injunction and order modifying the terms of possession contained in
the court’s prior order.

 

Notice

            In
his first issue, M.E.T. asserts that the trial court erred by signing a
judgment that does not conform to the pleadings in violation of rule of civil procedure
301.  L.H. filed only an application for protective order, which was denied. 
But then the trial court, sua sponte, entered a permanent injunction and a
modification of the court’s prior order in the suit affecting the parent-child
relationship.  M.E.T. argues that L.H. is not entitled to relief she did not
seek and that he did not get fair and adequate notice of the issues to be tried.
 He also argues that these issues were not tried by consent.  In his fourth
issue, M.E.T. contends the trial court violated his right to due process by
signing the injunction and order in the absence of notice because he did not
have the opportunity to object or present a defense.  He asserts that this lack
of due process caused the rendition of an improper judgment.

            Texas
Rule of Civil Procedure 301 requires the trial court’s judgment to conform to
the pleadings.  Tex. R. Civ. P.
301.  Due process requires that a litigant be given fair notice of the issues
that will be decided in the litigation.  See Cunningham v. Parkdale Bank,
660 S.W.2d 810, 813 (Tex. 1983).  However, in cases affecting the parent-child
relationship, when the best interest of the child is always the overriding
consideration, technical rules of pleading and practice are of little
importance, and fair notice is afforded when the pleadings generally invoke the
court’s jurisdiction over custody and control of the children.  Leithold
v. Plass, 413 S.W.2d 698, 701 (Tex. 1967).  “[O]nce the child is
brought under its jurisdiction by suit and pleading cast in terms of custody
and control, it becomes the duty of the court in the exercise of its equitable
powers to make proper disposition of all matters comprehended thereby in a
manner supported by the evidence.”  Id.

            Here,
there is no question that the trial court had continuing jurisdiction over this
case.  See Tex. Fam. Code Ann.
§§ 155.001, 155.003 (Vernon 2008).  M.E.T., accompanied by counsel, was present
on the first scheduled hearing date and requested and received a continuance. 
Two weeks later, he was present, with counsel, and testified at the hearing. 
Both parents have previously asked the court to rule on possession issues. 
Furthermore, the court’s injunction and order do not change the terms of
possession.  Due to the parents’ inability to communicate with civility, the
court placed limitations on their interactions with one another because doing
so was in the child’s best interest.  Additionally, the court ordered them to
attend parent education classes, write book reports, designate someone else to
be present to exchange the child, communicate by certified mail and regular
United States mail, and ordered L.H. to attend group counseling, all because
doing so was in the best interest of the child.

            The
court had jurisdiction over the matters of child custody and control.  The
testimony clearly illustrated that L.H. and M.E.T. are combative and that their
acts and attitudes tend to perpetuate the conflicts between them.  M.E.T. had
notice of the acrimonious relationship he has with his son’s mother and that
the court has jurisdiction to order them to make adjustments that are in the
child’s best interest.  See In re Macalik, 13 S.W.3d 43, 45 (Tex.
App.–Texarkana 1999, no pet.).  Furthermore, while the court’s injunction and
order may affect the details of M.E.T.’s access to B.J.H.-T., the limitations
do not restrict M.E.T.’s access to or possession of his child.  No pleadings
were necessary for the imposition of these limitations.  See MacCallum v.
MacCallum, 801 S.W.2d 579, 586-87 (Tex. App.–Corpus Christi 1990, writ
denied) (court restricted activities of children while in possession of father
and no pleadings were necessary for imposition of this restriction).  We
overrule M.E.T.’s first and fourth issues.

 

Right to Jury Trial

            In
his ninth issue, M.E.T. asserts that, because he had no notice of the matters
addressed in the court’s sua sponte injunction and order, he did not have the
opportunity to request a jury.  Therefore, he argues, the trial court denied
him his constitutional right to a trial by jury.

            Texas
Family Code Section 105.002 unambiguously provides that the court may not
submit to the jury questions on the issues of a specific term or condition of
possession of or access to the child or any right or duty of a conservator,
other than the determination of who has the exclusive right to designate the primary
residence of the child. Tex. Fam. Code Ann.
§ 105.002(c)(2) (Vernon 2008).  Likewise, the jury is not entitled to
determine the expediency, necessity, or propriety of equitable relief.  Priest
v. Tex. Animal Health Comm’n, 780 S.W.2d 874, 876 (Tex. App.–Dallas
1989, no writ).  Thus, M.E.T. did not have a right to a jury trial on the
issues contained in the injunction and modification order.  See In re
Samford, 249 S.W.3d 761, 763 (Tex. App.–Texarkana 2008, orig.
proceeding).  The trial court did not deny M.E.T. his constitutional right to a
trial by jury.  We overrule M.E.T.’s ninth issue.

 

Injunction and Modification

In
his second issue, M.E.T. contends the trial court erred in ordering injunctive
relief because the evidence is not legally or factually sufficient to show the
existence of a wrongful act, imminent harm, irreparable injury, or the absence
of an adequate remedy at law.  In his seventh issue, M.E.T. contends the
evidence is not legally or factually sufficient to support the modification
order.  He argues that the evidence does not show that conditions have changed
or that modification is in the child’s best interest.  In his third issue, M.E.T.
asserts that the trial court violated Family Code Sections 153.073 and 153.193
because there is no evidence that the limitations imposed by the court are in
the child’s best interest.  In his tenth issue, M.E.T. contends the trial court
abused its discretion by denying his request for make-up visitation.

Applicable
Law

            The
grant or refusal of a permanent injunction is ordinarily within the sound
discretion of the trial court and, on appeal, review of the trial court’s
action is limited to the question of whether the action constituted a clear
abuse of discretion.  Priest, 780 S.W.2d at 875.  A trial court
may modify an order establishing conservatorship of or possession of and access
to children if modification would be in the best interest of the child and the
circumstances of the child, a conservator, or other party affected by the order
have materially and substantially changed since the date of the rendition of
the order.  Tex. Fam. Code Ann. §
156.101(a) (Vernon Supp. 2010).  A trial court’s modification order is reversed
only when it appears from the record as a whole that the trial court abused its
discretion.  Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.
1990).  Under an abuse of discretion standard, legal and factual sufficiency
are not independent grounds for asserting error, but are relevant factors in
assessing whether a trial court abused its discretion.  Niskar v. Niskar,
136 S.W.3d 749, 753 (Tex. App.–Dallas 2004, no pet.).   

Discussion

            Because
the applicable standard of review requires us to review the entire record, we
must first address the state of the appellate record.  Here, M.E.T.’s
designation of record on appeal requests the reporter’s records for six
hearings between October 29, 2007, and May 1, 2009.  The first docket sheet
entry in this case, on April 11, 2007, states only “CSRP.”  Over the next two
years there were numerous hearings.  The appellate record contains reporter’s
records from only those hearings requested by M.E.T.   

            An
appellant must request in writing that the official reporter prepare the reporter’s
record, and that request must designate the exhibits and portions of the
proceedings to be included in the record.  Tex.
R. App. P. 34.6(b)(1).  To minimize expense and delay, an appellant may
request a partial reporter’s record.  Tex.
R. App. P. 34.6(c)(1); Jaramillo v. The Atchison, Topeka &
Santa Fe Ry. Co., 986 S.W.2d 701, 702 (Tex. App.–Eastland 1998, no
pet.).  An appellant who requests a partial record must also include in the
request a statement of the points or issues to be presented on appeal and will
then be limited to those points or issues.  Tex.
R. App. P. 34.6(c)(1).  If an appellant complies with Rule 34.6(c)(1),
an appellate court must presume that the partial reporter’s record designated
by the parties constitutes the entire record for purposes of reviewing the
stated points or issues.  Tex. R. App.
P. 34.6(c)(4).  In other words, he is entitled to the benefit of the
presumption that the omitted portions of the record are not relevant to the
disposition of the appeal.  Brown v. McGuyer Homebuilders, Inc.,
58 S.W.3d 172, 175 (Tex. App. – Houston [14th Dist.] 2001, pet. denied).  

However,
when an appellant appeals with a partial reporter’s record but does not provide
the list of points or issues required by Rule 34.6(c)(1), the presumption
arises that the omitted portions support the trial court’s findings.  Jaramillo,
986 S.W.2d at 702.  Moreover, when portions of the record are missing and an
appellant completely fails to submit his statement of points or issues, an
appellate court is required, pursuant to Rule 34.6, to affirm the trial court’s
judgment.  Bennett v. Cochran, 96 S.W.3d 227, 229 (Tex. 2002). 
Thus, a party seeking to challenge the legal or factual sufficiency of the
evidence on appeal has the burden of bringing forward a complete or agreed
statement of facts, or have it presumed by the appellate court that there was
evidence to support the findings in the absent portion of the record.  Englander
Co. v. Kennedy, 428 S.W.2d 806, 806-07 (Tex. 1968).  Although M.E.T.
did not request the reporter’s records of all hearings in this case, he did not
include a statement of the points or issues to be presented on appeal.  Because
M.E.T. did not comply with Rule 34.6(c)(1), we must presume that the omitted
portions of the reporter’s record support the trial court’s judgment regarding
issues raised in those hearings for which there is no reporter’s record.  Jaramillo,
986 S.W.2d at 702. 

            Furthermore,
the record on appeal supports the trial court’s injunction and order.  The
partial record before us shows a history of antagonism between L.H. and M.E.T. 
M.E.T.’s assertion that the trial court violated Sections 153.073 and 153.193
has no merit.  Section 153.073 provides that a parent has certain rights
“unless limited by court order,” anticipating that a trial court can limit a
parent’s rights.  Thus, the limitation M.E.T. complains of is not unauthorized
by Section 153.073.  See Tex.
Fam. Code Ann. § 153.073 (Vernon 2008).  Section 153.193 merely requires
limitations on a parent’s rights to be supported by evidence that the
limitations are in the child’s best interest.  See Tex. Fam. Code Ann. § 153.193 (Vernon
2008).  Again, we presume that the missing portions of the record support the
judgment.  Jaramillo, 986 S.W.2d at 702.  Finally, the partial
record shows that the trial court has in the past meticulously ordered make-up visitation
for M.E.T.  M.E.T. does not provide details such as how many days he missed or
present us with the motion asking for make-up visitation.  But based on the record
before us, it appears he missed two weekends, one of which came after his
requested continuance.  The partial record does not show that the trial court’s
decision to deny make-up visitation was an abuse of discretion, and we presume
the missing portion of the record also supports the trial court’s ruling.  Id. 
We overrule M.E.T.’s second, third, seventh, and tenth issues.

 

Written Order

            In
his fifth issue, M.E.T. contends the trial court’s written order does not
conform to all of the provisions announced in open court.  Specifically, he
states that the court orally ordered him and L.H. to attend a “Child Support
Review Process” with the office of the attorney general, but the written order
does not contain that provision.

            The
Texas Rules of Appellate Procedure require an appellant’s brief to contain a
clear and concise argument for the contentions made, with appropriate citations
to authorities and to the record.  Tex.
R. App. P. 38.1(i).  Issues on appeal are waived if an appellant fails
to support his contention by citations to appropriate authority.  Abdelnour
v. Mid Nat’l Holdings, Inc., 190 S.W.3d 237, 241 (Tex. App.–Houston [1st
Dist.] 2006, no pet.).  Here, M.E.T.’s argument under his fifth issue consists
of four sentences.  While he does cite to the record, he does not cite to any
supporting authority.  Therefore, he has waived this issue due to inadequate
briefing.  See Tex. R. App. P.
38.1(i); Abdelnour, 190 S.W.3d at 241.

            We
note, however, that the oral pronouncement M.E.T. refers to was made at the
hearing on his motion for new trial.  The trial court later signed a written
order granting his motion as to the healthcare provisions in the February 25,
2009 order and otherwise denying the motion for new trial.  In his motion for
new trial, M.E.T. did not request the trial court order them to attend a “Child
Support Review Process.”  At the hearing, the court determined that the best
way to address the issue of health insurance for the child was for the attorney
general’s office to handle it.  The court told the parties to “do a C.S.R.P.
next Thursday.”  At the close of the hearing, the court said “I’m ordering
y’all to a C.S.R.P.” and told them to go talk to someone in the attorney general’s
office.  

            An
order is valid when orally pronounced in open court.  Walker v. Harrison,
597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding).  An order pronounced from
the bench is “rendered” when it is officially announced in such a manner, and
is valid from that time; its formal entry is only a ministerial act.  Ex
parte Cole, 778 S.W.2d 599, 600 (Tex. App. – Houston [14th Dist.] 1989,
orig. proceeding).  Thus, the trial court’s oral order for the parties to see someone
in the attorney general’s office to “do a C.S.R.P.” was valid and remains valid
until or unless it is vacated, set aside, modified, or amended as an exercise
of the court’s continuing jurisdiction, even in the absence of a written
order.  Id.  We overrule M.E.T.’s fifth issue.

 

Trial Court Bias

            In
his eighth issue, M.E.T. asserts that the trial court “indicated a clear bias
not supported by evidence in the record nor presented in open court.”  He
contends the trial court trampled on his rights, with a disregard for justice,
and if this court does not find that the trial court was biased, it will result
in injustice to B.J.H.-T. for the duration of the court’s jurisdiction over his
best interests.

            M.E.T.
did not raise the issue of bias in the trial court.  Bias, like any other form
of error, must be preserved in the trial court.  See Tex. R. App. P. 33.1; Dow Chem.
Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001).  Thus, M.E.T. has
waived this issue on appeal.  We overrule M.E.T.’s eighth issue.

 

Motion to Audio Record

             In
his sixth issue, M.E.T. contends the trial court erred in denying his motion to
audio record all hearings without holding an evidentiary hearing.  Relying on
rule of civil procedure 18c, he argues that the trial court abused its
discretion because it failed to apply the law correctly.

            M.E.T.
filed his notice of appeal on May 26, 2009 complaining of the trial court’s
February 25, 2009 order.  He filed his motion to audio record all hearings on
June 18, 2009, and it was denied by the trial court’s order signed June 19,
2009.  M.E.T.’s notice of appeal does not apply to the June 18 order.  Thus,
this court does not have jurisdiction over this issue.  See Tex. R. App. P. 25.1.  

 

Disposition

            We
dismiss M.E.T.’s sixth issue for want of jurisdiction.  Because M.E.T. has not
shown that the trial court erred, we affirm the trial court’s
injunction and order of modification.

 

                                                                   Brian
T. Hoyle

                                                                                             
Justice

 

 

Opinion delivered March 2, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)