

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00114-CV

_____

IN THE INTEREST OF J.L., E.M., AND D.M., JR., CHILDREN

On Appeal from County Court at Law No. 2
Wichita County, Texas
Trial Court No. 13296-JR-F

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

This is an ultra-accelerated appeal[1] in which L.R. (Mother) appeals from the trial court's order terminating her parental rights to the children involved in this case—J.L., E.M., and D.M., Jr. In two issues, she argues that the associate judge who presided over the contested final termination hearing erred by failing to provide a court reporter for the hearing and that the evidence is legally and factually insufficient to support a finding that the termination was in the children's best interest. Because the associate judge did not provide a court reporter to record the proceedings, we reverse the termination order and remand the case for a new trial.

### II. BACKGROUND

The Department of Family and Protective Services (the Department) sued to terminate Mother's parental rights to the children. An associate judge presided over the final hearing. *See* Tex. Fam. Code Ann. §§ 201.005, .007. Mother's attorney appeared at the hearing,[2] but Mother did not. Rather than provide a court reporter to

---

[1]*See* Tex. R. Jud. Admin. 6.2(a) (requiring appellate court to dispose of appeal from judgment terminating parental rights, so far as reasonably possible, within 180 days after notice of appeal is filed).

[2]Mother's court-appointed trial attorney was allowed to withdraw after filing the notice of appeal, and a new attorney was appointed to represent Mother on appeal.

make a record of the hearing, the associate judge made an electronic recording of the proceedings.

Based on the evidence presented at the hearing, Mother's parental rights were terminated. The decree of termination incorporated the associate judge's finding by clear and convincing evidence that terminating Mother's parental rights was in each child's best interest and its finding that clear and convincing evidence had established the statutory grounds for termination under Texas Family Code Subsections 161.001(b)(1)(N), 161.001(b)(1)(O), and 161.001(b)(1)(P). *See id.* § 161.001(b)(1)(N), (O), (P), (b)(2). This appeal followed.

## III. DISCUSSION

Under the Texas Family Code, when an associate judge presides over a hearing that is neither a jury trial nor a contested final termination hearing, the record may be preserved by a court reporter provided by a party, the associate judge, or the referring court; alternatively, "in the absence of a court reporter or on agreement of the parties," the record may be preserved by some other method approved by the judge, such as an electronic recording. *Id.* § 201.009(a), (b), (c). But when an associate judge presides over a jury trial or a contested final termination hearing, "[a] court reporter *is required* to be provided," and no other means of preserving the record is permitted. *Id.* § 201.009(a) (emphasis added).

Here, the associate judge presided over a contested final termination hearing but did not provide a court reporter to make a record of the proceedings.[3] As Mother argues in her brief, Section 201.009(a) "makes no exception for the requirement of a court reporter under the facts of the case at bar."

The Department concedes that for the contested final termination hearing in this case, the plain language of Section 201.009 required a court reporter to be provided and "d[id] not authorize the associate judge to preserve the record by other means in the absence of a court reporter or even on the agreement of the parties." The Department further concedes that "[b]ecause a court reporter was not provided as required by [S]ection 201.009, the appellate record does not contain a reporter's record necessary to enable review of L.R.'s challenge to the legal and factual sufficiency of the evidence to support the best interest finding" and that "due to the failure to provide a court reporter in violation of [S]ection 201.009(a), (c), and the consequent lack of a reporter's record to enable appellate review of evidence sufficiency grounds, the proper remedy is to remand the case for a new trial."

We agree with both parties. An appellant complaining of legal or factual insufficiency of the evidence cannot meet its burden on appeal without a proper record.

---

[3] Additionally, it appears that the associate judge allowed the Department's attorney to withdraw all of its trial exhibits to keep in the District Attorney's files without requiring the Department to leave a copy of the exhibits in the clerk's files. *See* Tex. R. App. P. 13.1(c); Tex. R. Civ. P. 75a, 75b(a).

4

*Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968). Here, Section 201.009 required the provision of a court reporter and prohibited the associate judge from preserving the record by electronic means. Tex. Fam. Code Ann. § 201.009(a), (c). The associate judge was thus required to provide a court reporter to make a record of the proceedings but failed to do so. *See id.* As a result of the associate judge's error, Mother does not have a proper record of the proceedings. Accordingly—and given the Department's concession—we sustain Mother's first issue. *See id.*; *cf. In Interest of W.G.*, No. 02-16-00312-CV, 2017 WL 3634007, at *2 (Tex. App.—Fort Worth Aug. 24, 2017, orig. proceeding) (mem. op.) (applying Texas Family Code Section 157.161, which requires a record of an enforcement action hearing except in certain cases, to grant mandamus relief from a contempt order when no reporter's record had been made of the contempt hearing, and recognizing that Section 201.009 requires a court reporter when an associate judge presides over a jury trial or a final termination hearing); *In re Carlton*, No. 09-07-241-CV, 2007 WL 1793765, at *1 (Tex. App.—Beaumont June 21, 2007, orig. proceeding) (per curiam) (mem. op.) (applying Section 157.161, holding that the unintelligible tape recording of an enforcement hearing was tantamount to no record, and granting habeas relief on the basis that the relator had been deprived of statutorily required record of the contempt hearing). Because this issue is dispositive, we do not address Mother's second issue. *See* Tex. R. App. P. 47.4.

5

## IV. Conclusion

Having sustained Mother's first issue, which is dispositive, we reverse the trial court's termination order, and we remand the case for further proceedings.

/s/ Dana Womack

Dana Womack
Justice

Delivered: September 3, 2020