**Opinion filed March 31, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00234-CV

_____

## IN THE INTEREST OF A.V., A CHILD

**On Appeal from the 90th District Court**
**Stephens County, Texas**
**Trial Court Cause No. CV32227**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating the parental rights of A.V.'s mother and father. Both parents appealed. On appeal, the mother and the father present the same two issues. In their first issue, the parents complain about the lack of a reporter's record. In their second issue, the parents challenge the legal and factual sufficiency of the evidence to support the findings regarding termination being in the child's best interest. Because of the associate judge's and the referring court's failures in this cause, we reverse and remand.

### Procedural Background

The Department of Family and Protective Services became involved with A.V. shortly after her birth. At that time, the Department filed its original petition to

terminate the parents' parental rights. *See* TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2020). After an extension of 180 days as permitted by the Family Code, an associate judge commenced a contested final hearing on termination. *See id.* § 263.401(b) (authorizing 180-day extension of the dismissal date). Five weeks later, the associate judge serving Stephens County resumed the final hearing. She recessed the final hearing that same date and resumed it again three weeks later. The associate judge ultimately entered an order of termination based upon findings made pursuant to Section 161.001(b) of the Family Code.

The parents timely filed a joint request for a de novo hearing in the referring court: the 90th Judicial District Court in Stephens County. The district judge signed an order in which he found that the parents' request for a de novo hearing was timely and set the matter "for review" in the district court. The district judge, apparently without holding a de novo hearing, subsequently entered an "Order on De Novo Review," which provides in full as follows:

> In the above numbered cause, the Court has reviewed the Associate Judge's hearing held on Feb 27, 2020, and is [of] the opinion that the ruling was correct and is affirmed.

We note that the associate judge had issued a letter ruling on February 27, 2020, but had not conducted a hearing on that date.

The parents timely filed notices of appeal from the district judge's order and requested that the clerk's record and the reporter's record be prepared and filed in this appeal. The district clerk prepared and filed a clerk's record. However, the court reporter was unable to file a reporter's record; she informed this court that there was "[n]o written [reporter's] record for this case." A digital recording of the final hearing segments was apparently made by the associate judge, but no electronic copy was filed in the district clerk's office. The court reporter was not present for the hearings on termination and was therefore unable to certify any transcription of the associate judge's digital recording. The Department has since discovered that the

2

associate judge's electronic recording no longer exists. Accordingly, there is no reporter's record or any other record of the evidence that was admitted at the hearings in this cause.

*Analysis*

Appellants assert in their first issue that the trial court erred by failing to provide a court reporter for the contested hearings on termination that were conducted by an associate judge. The Department concedes that "there is merit" to Appellants' complaint regarding the lack of a court reporter and the lack of a reporter's record for this court to review. And the Department agrees with Appellants that a reversal is required in this cause.

"A court reporter *is required* to be provided when the associate judge presides over a jury trial or a contested final termination hearing." FAM. § 201.009(a) (West 2020) (emphasis added). The language of Section 201.009(a) is clear and unambiguous, and no other means of preserving the record is permitted. *In re E.F.*, No. 02-20-00228-CV, 2020 WL 6601599, at *3 (Tex. App.—Fort Worth Nov. 12, 2020, no pet.) (mem. op.). Section 201.009 mandates that a court reporter be provided for contested hearings on termination and prohibits the preservation of the record by other means, such as an electronic recording by an associate judge. *In re J.L.*, No. 02-20-00114-CV, 2020 WL 5242426, at *2 (Tex. App.—Fort Worth Sept. 3, 2020, no pet.) (mem. op.); *see* FAM. § 201.009(a), (c). We hold that the associate judge erred by conducting the hearings in this cause without a court reporter.

Furthermore, the district judge compounded the problem in this case by failing to conduct a de novo hearing as required by statute. Section 201.015 of the Family Code provides for a de novo hearing before the referring court. *Id.* § 201.015. At a de novo hearing, "the parties may present witnesses" on the issues specified in the request for de novo hearing, and the referring court "may also consider the record from the hearing before the associate judge." *Id.* § 201.015(c). Although a de novo

3

hearing is not the same as a trial de novo, which is an entirely new and independent action in the reviewing court, a de novo hearing is, however, an extension of the original trial on the merits. *In re A.L.M.-F.*, 593 S.W.3d 271, 277, 280 (Tex. 2019).

Because Appellants were deprived of a reporter's record because of the failures of the courts below, we sustain the mother's and the father's first issue on appeal.

With respect to Appellants' second issue, in which they challenge the sufficiency of the evidence to support the findings that termination of their parental rights would be in A.V.'s best interest, we note that an appellant who wishes to challenge the legal or factual insufficiency of the evidence cannot properly do so without a reporter's record. *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968). Here, Appellants were not provided with any reporter's record in this cause. As such, we are unable to address the merits of their second issue. *See J.L.*, 2020 WL 5242426, at *2.

*This Court's Ruling*

Having sustained Appellants' first issue, we reverse the trial court's order insofar as it terminated the parental rights of A.V.'s mother and father, and we remand this cause to the trial court for further proceedings. This court's ruling does not alter the trial court's appointment of the Department as A.V.'s managing conservator. *See In re J.A.J.*, 243 S.W.3d 611, 615–17 (Tex. 2007). Furthermore, any proceeding on remand must be commenced within 180 days of this court's mandate. TEX. R. APP. P. 28.4(c).

March 31, 2021                                                 W. STACY TROTTER

Panel consists of: Bailey, C.J.,                              JUSTICE
Trotter, J., and Williams, J.