**Affirmed and Memorandum Opinion filed October 1, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00787-CV

---

### ISELA PORTALES, Appellant

### V.

### TODD CASTILLO, Appellee

---

### On Appeal from the County Court at Law No. 1
### Johnson County, Texas
### Trial Court Cause No. CC0-D20230114

---

# MEMORANDUM OPINION

Appellant Isela Portales appeals a protective order granted to her ex-boyfriend, appellee Todd Castillo. Portales argues that (1) she received ineffective assistance of counsel and (2) there is legally and factually insufficient evidence to support the trial court's order. Because (1) civil litigants generally are not constitutionally entitled to effective assistance of counsel and (2) there is no reporter's record in this case, we overrule appellant's issues and affirm the trial court's order.

## Background

Castillo filed an application for a protective order, alleging that Portales engaged in family violence against him. Portales retained counsel to represent her in the proceeding below. The trial court conducted a hearing on Castillo's application, for which we have no reporter's record. The trial court granted the application and issued a protective order against Portales for a period of two years.

Portales timely filed this appeal.

## Analysis

Portales presents three issues: (1) whether she received ineffective assistance of counsel; (2) whether the trial court erred in making its judgment with a "lack of factual evidence"; and (3) whether there is sufficient evidence to support the trial court's ruling. We construe the last two issues as a challenge to the legal and factual sufficiency of the evidence.

Before turning to the merits, we note that the Supreme Court of Texas transferred this case to our court from the Tenth Court of Appeals. *See* Tex. Gov't Code § 73.001. We are unaware of any conflict between Tenth Court of Appeals precedent and that of this court on any relevant issue. *See* Tex. R. App. P. 41.3.

### A. Assistance of counsel in civil cases

In her first issue, Portales argues that her retained counsel provided ineffective assistance by refusing to investigate Castillo's relationships with previous girlfriends and by failing to present evidence of Portales's alleged injuries.

The Sixth Amendment to the United States Constitution guarantees the right to counsel in criminal prosecutions. *See Cannon v. State*, 252 S.W.3d 342, 348

2

(Tex. Crim. App. 2008); U.S. Const., amend. VI. This guarantee entails the right to effective assistance. *Cannon*, 252 S.W.3d at 348.

The doctrine of constitutionally guaranteed effective assistance does not apply to civil cases when there is no constitutional or statutory right to counsel. *See Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 343 (Tex. App.— Houston [14th Dist.] 2003, no pet.) ("[I]t is well established that the doctrine of ineffective assistance of counsel does not extend to civil cases."); *see also Locke v. Briarwood Vill.*, No. 14-17-00113-CV, 2018 WL 5621379, at *3 n.2 (Tex. App.— Houston [14th Dist.] Oct. 30, 2018, no pet.) (mem. op.); *Maki v. Anderson*, No. 02-12-00513-CV, 2013 WL 4121229, at *5 (Tex. App.—Fort Worth Aug. 15, 2013, pet. denied) (per curiam) (mem. op.) (declining to reverse protective order based on allegations of ineffective assistance of counsel).

Portales cites no authority and supplies no argument supporting the proposition that a constitutional or statutory right to counsel exists in a protective-order case. Accordingly, we overrule Portales's first issue.

## B. Evidentiary sufficiency

In her second and third issues, Portales challenges the evidence supporting the protective order. Her argument is an extension of her ineffective-assistance argument—namely that, had her counsel introduced evidence of Castillo's previous allegedly abusive relationships and of Portales's bruises allegedly inflicted by Castillo, then the trial court would not have ruled the way it did. To the extent that these arguments raise an independent issue challenging sufficiency of the evidence, we will address it separately.

When an appellant intends to raise any challenge involving the evidence or argument presented to a factfinder, a reporter's record is necessary. *See Vernco*

3

*Constr., Inc. v. Nelson*, 460 S.W.3d 145, 150 (Tex. 2015). Because there is no reporter's record due to Portales's failure to properly request that one be prepared, we must presume that the trial court's judgment is supported by sufficient evidence. *See id.*; *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968) ("The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts."). For that reason, we are compelled to overrule Portales's second and third issues. *See Johnson v. Freo Tex. LLC*, No. 01-15-00398-CV, 2016 WL 2745265, at *3 (Tex. App.—Houston [1st Dist.] May 10, 2016, no pet.) (mem. op.) (rejecting pro se litigant's argument that the trial court's judgment should be reversed; appellant was unable to demonstrate error because she failed to comply with procedural rules and laws requiring her to request a reporter's record); *In re A.M.C.*, No. 10-10-00418-CV, 2011 WL 1166702, at *1 (Tex. App.—Waco Mar. 30, 2011, no pet.) (mem. op.) ("When no reporter's record is filed, we must assume the missing evidence supports the trial court's ruling.").

## Conclusion

We affirm the trial court's order.


/s/  Kevin Jewell
    Justice


Panel consists of Justices Jewell, Bourliot, and Zimmerer.